GEORGE BIGELOW V. THE STATE.

*No. 1321.   Decided October 28th, 1896.*

1.  **Recognizance on Appeal—Sufficiency of.**

A recognizance on appeal is fatally defective and insufficient, which fails to recite the court in which appellant was convicted; and which fails also to require him to make his appearance before any court pending his appeal.  The form for such a recognizance is prescribed by statute (Code Crim. Proc., Art. 887), and it requires, that it must allege the court in which the party was convicted, and that he shall make his appearance from day to day and term to term before said court, "in order to abide the judgment of the Court of Criminal Appeals of the State of Texas in this case."

2.  **Same—Jurisdiction on Appeal.**

It is expressly provided by Art. 888, Code Crim. Proc., that the Court of Criminal Appeals shall not entertain jurisdiction of any case where the recognizance does not comply substantially with the form prescribed in Article 887.

APPEAL from the District Court of Franklin.  Tried below before Hon. JOHN L. SHEPPARD.

Appeal from a conviction for adultery; penalty, a fine of $100.

The Assistant Attorney-General moved to dismiss the appeal, because the recognizance was not conditioned as required by law.  The recognizance is set forth in the opinion.

No statement of the case necessary.

*Chas. S. Todd*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was charged by information with adultery.  The information is in proper form.  Omitting the prior portions of the recognizance, it states that appellant and "his sureties acknowledge themselves jointly and severally to owe and be indebted to the State of Texas in the penal sum of three hundred dollars, and the said sureties in the penal sum of three hundred dollars each, to be void on condition, however, that the said George Bigelow, as principal, who was on the 26th day of November, 1895, duly tried and convicted of the offense of adultery, and gave notice of appeal to our Court of Criminal Appeals of Texas, will prosecute his said appeal to effect, and pay off and fully satisfy such fine and costs as may be adjudged against him by said Court of Criminal Appeals."  It will be noticed that, if this instrument can be called a recognizance at all, it fails to recite the fact that he was convicted in the County Court, and it fails to require him to make his appearance before any court pending the appeal.  It will be noted still further that it requires him simply to pay off and satisfy the fine and costs that may be adjudged against him by the Court of Criminal Appeals.  The form of the recognizance prescribed by the legislature requires the said instrument to allege the court in which the party was convicted, that he shall make his appearance from day to day and term to term before said court, "in order to abide the judgment of the Court of Criminal Appeals of the State of Texas in this case."  The legisla-

ture further prescribed that, unless this form was substantially complied with, the jurisdiction of this court would not attach to such appeal. These questions have been so often before this court that we deem it unnecessary to review the question again.   Parties desiring to appeal should see that their recognizances comply with the law.   It is beyond the power of this court to vary, set aside, or change that law.   Because the recognizance is defective in the several particulars stated, the appeal is dismissed.

*Dismissed.*

HURT, Presiding Judge, absent.