## Charles Murphy v. The State.

### No. 2464. Decided March 5, 1902.

**1.—Robbery—Indictment.**

Where the indictment for robbery alleged the value of the property taken, and that the act was done with intent to deprive the owner of the same, instead "of the value of the same," the allegation was sufficient since it embraced with it the value as previously alleged.

**2.—Same—Confession—Charge.**

On a trial for robbery, where there was positive testimony of the offense independent of defendant's confessions, there was no occasion to charge as to the confessions.

**3.—Same—Charge—Ommission as to Definition.**

Where the court, in its charge defining robbery, omitted the word "fraudulent" in connection with the taking, such omission did not injure defendant nor constitute reversible error, where the facts in evidence shows that the taking was with fraudulent intent to deprive the owner of the same and to appropriate it to defendant's own use.

**4.—Same—Accomplice Testimony.**

On a trial for robbery, where the court submitted to the jury the issue as to whether a certain witness was an accomplice, it was not required that the court should have especially instructed the jury that said witness was an accomplice.

**5.—Same—Charge.**

On a trial for robbery, where the court had instructed an acquittal, if defendant took the money under circumstances constituting theft from the person and not robbery, a further requested instruction on the subject was unnecessary.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. J. K. P. Gillaspie.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The charging part of the indictment is as follows, viz: "With force and arms, then and there in and upon Pat Cassidy, did make an assault, and did then and there by the said assault, and by violence to the said Pat Cassidy, and by putting the said Pat Cassidy in fear of life and bodily injury, fraudulently and without the consent of the said Pat Cassidy, take from the person and possession of him, the said Pat Cassidy, twenty dollars in money of the paper currency money of the United States of the value of twenty dollars and four dollars in silver of the coin money of the United States of the value of four dollars, the same being the property of the said Pat Cassidy, with the intent to deprive the said Pat Cassidy of the same and to appropriate the same to his the said Charles Murphy's own use and benefit," etc. .

The facts are sufficiently stated in the testimony of the prosecutor, as follows: Pat Cassidy, being sworn, testified: "That at the time stated in the indictment, in Galveston County, Texas, the defendant and one Snavely approached me in a saloon and introduced themselves, and after we had a drink, the defendant, Charles Murphy, told me he was a prize fighter and that Mr. Snavely was his sparring partner. I became interested, and the defendant then said that if I would go with them a few blocks they would show me an exhibition of their skill. I agreed to go with them, and we went several blocks to an obscure outhouse, and as I walked into the outhouse with them, the defendant, Charles Murphy, violently threw his arms around me, putting me in great fear of serious bodily injury, and dazing me for the moment, handling me very roughly. He put his hands in my pocket and by violence took $20 in paper currency money, and about $5 in silver coin money, of the value of $25, from my person and possession. Said money was taken without my consent, and at the time he assaulted me. I was much frightened and feared that my life was in danger. As soon as the money was taken from me the defendant and his partner left me, and I went at once and reported the facts to the police and defendant was arrested. The defendant is a very powerful man. The man Snavely, who said he was defendant's partner, never touched me during the time I was being robbed, but they both left together, after getting my money, and I never saw them again until after they were arrested."

In addition to this testimony, two officers proved defendant's confession to them after they had warned him.

*R. H. & Alice S. Tiernan*, for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of robbery, and his punishment assessed at five years confinement in the penitentiary.

Appellant made a motion to quash the indictment, which was overruled. The ground of the motion was that the indictment alleges that the intent with which the act was done was "to deprive the owner of the same,"

instead "of the value of the same." The value is alleged in the indictment, and the allegation that the intent was to deprive "the owner of the same" embraces with it the value of the same as previously alleged.

The refusal of the court to give appellant's special charge on his confession of the offense was correct. If the crime—that is, the corpus delicti—had depended alone on appellant's confession, then it would have become necessary to have instructed the jury in regard thereto; that is, that they could not convict defendant on his confessions alone. In this case there was positive testimony of the robbery, and there was no occasion to charge on confessions.

Appellant also complains that the court in defining "robbery," left out the word "fraudulent" in connection with the taking. A reference to the charge shows that this contention is correct. However, the question is, was the omission of this expression in the definition of the offense calculated to injure or impair appellant's rights before the jury? If the record presented any controversy in regard to the intent with which the property was taken,—that is, if it suggested some claim of right on the part of appellant to the property, or that it was taken with some intent other than that of the fraudulent intent to appropriate it to his own use,—then the objection urged to the charge would be well taken. But when we recur to the statement of facts there was no controversy as to this matter. Appellant had no claim whatever to the $20 which he is shown to have taken from the prosecutor, and if he took it—and the evidence shows he did—he unquestionably took it with the fraudulent intent to deprive the owner of the same, and to appropriate it to his own use. So the omission of the word "fraudulent" in the definition of the offense contained in the charge was not calculated to injure appellant, and we are not authorized to reverse the case unless it was calculated to injure him. Code Crim. Proc., art. 723.

The charge on accomplice testimony was sufficient. The issue was submitted to the jury as to whether the witness was an accomplice, and it was not required of the court to specially instruct the jury that said witness was an accomplice. The court gave a charge in favor of defendant, instructing the jury to acquit him if he took the money under such circumstances as to constitute theft from the person, and not robbery, and the requested charge on that subject was not necessary.

In our opinion, the evidence supports the verdict, and the judgment is affirmed.

*Affirmed.*