## DAN BALLARD v. THE STATE.

No. 3086.    Decided April 8, 1914.

Rehearing denied May 6, 1914.

**1.—Carrying Pistol—Recognizance—Reinstatement.**

Where the appeal was dismissed for want of a sufficient recognizance, but thereafter a proper recognizance was filed, the appeal is reinstated.

**2.—Same—Imminent Danger—Exceptions.**

The fact that adulterous relations existed between defendant's wife and another would not justify the defendant in hunting up said party and demanding an explanation to carry a pistol on and about his person, nor would the fact that this party in another county had made threats to kill defendant under certain conditions authorize defendant to arm himself and go to such county in search of him.

**3.—Same—Traveler.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that when defendant reached the end of his journey he retired, but got up the next morning, put on his pistol and went in search of another party who had made threats against him, he was not authorized to carry a pistol as a traveler under the law.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. Geo. F. Ingraham.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*V. E. Middlebrook,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of unlawfully carrying a pistol, and undertakes to prosecute an appeal to this court, but the recognizance is insufficient in law to confer jurisdiction on this court, therefore, the appeal is dismissed. Bigelow v. State, 36 Texas Crim. Rep., 402.

The appeal is dismissed.

*Dismissed.*

ON REHEARING.

May 6, 1914.

HARPER, JUDGE.—Since the dismissal of this case, appellant has filed a proper recognizance and appellant is entitled to have the case considered on its merits, and the order of dismissal is therefore set aside, and the cause reinstated.

In the first bill of exceptions it is contended that appellant had the right to arm himself with a pistol and hunt a person who had had adulterous relations with his wife, to meet and resist whatever might arise when he found deceased and demanded an explanation of his conduct. While adulterous relations with one's wife will reduce an offense to manslaughter if the killing takes place on the first meeting, but such conduct does not justify one in carrying a pistol on and about his person. This is not one of the exceptions enumerated by the statute, and the court has no authority to engraft others therein. The fact that deceased had made threats to kill appellant under certain conditions, would not authorize appellant to arm himself and to go into another county in search of him. If he does do so, he is guilty of unlawfully carrying the pistol. When he finds deceased the facts and circumstances arising at the time may justify the homicide, but it does not excuse nor justify the carrying of the pistol.

It is true that one who leaves San Augustine and travels to Teneha in another county would be a traveler, and he could carry a pistol while engaged on such a trip. But when he arrived at his destination, and put up at a house, there he should leave his pistol, and if he does not do so, but keeps it on his person while knocking about' the town, and hunting for another person, he violates the law. When the evidence shows that he went to bed after arriving at the end of his journey; gets up next morning, puts on his pistol, and goes in search of Miller, he was guilty of carrying a pistol.

The judgment is affirmed.

*Affirmed.*