Melvin Brown v. The State.

No. 8230.   Decided May 7, 1924.

**Carrying a Pistol—Changing Place of Abode.**

> Where, upon trial of unlawfully carrying a pistol, the defendant's testimony showed that he was a single man at the time of his arrest and was on his way to the home of a person to whom he had engaged to work, and he therefore requested a charge that in changing his place of abode he had the right to take his effects, including his pistol with him, the refusal to submit his charge is reversible error.   Following:   Davis v. State, 237 S. W. Rep., 925.   Distinguishing:   George v. State, 90 Texas Crim. Rep., 179.

Appeal from the County Court of Fannin.   Tried below before the Honorabl Sam E. Neilson.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.00.

The opinion states the case.

*Cunningham, McMahon & Lipscomb,* for appellant.—Cited:   Bain v. State, 38 Texas Crim. Rep., 635, and cases cited in opinion.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, Presiding Judge.—The offense is the unlawful carrying of a pistol; punishment fixed at a fine of one hundred dollars.

According to the evidence of the appellant and his father, the appellant was a single man.   At the time of his arrest he was on his way to the home of a person to whom he had engaged to work.   Arrangements had been previously made by which the appellant was to go to the home of the person mentioned to reside and work for him.

Appellant requested that the jury be told in substance that appellant, in changing his place of abode, had the right to take his effects, including his pistol, with him.

The case of George v. State, 90 Texas Crim. Rep., 179, was relied upon by the State.   The evidence in that case did not call for an announcement of law that would control the present case.   The facts are different.   The present case was tried before a jury, while in the George case, supra, this court had before it the question whether the judge who tried the case was warranted by the evidence adduced in rejecting the legal propositions advanced by the accused that he was a traveler.   This court held that under the evidence, whether he was a traveler was a question of fact, and that the decision of that case against the accused was binding upon this court.   In the present case, the trial was had before a jury and proper instructions were not

furnished them so that they might determine the issue of fact arising from the evidence. The case comes more in line with the principles applied in Davis v. State, 237 S. W. Rep., 925; Anderson v. State, 259 S. W. Rep., 571.

The State's attorney before the Court of Criminal Appeals concedes that in refusing to instruct the jury as indicated, error was committed by the learned trial judge.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*