## C. B. ARMSTRONG v. THE STATE.

No. 8440. Decided October 29, 1924.

No motion for rehearing filed.

**Carrying Pistol—When Unlawful.**

While driving a Ford automobile on the public road, appellant had a pistol in a hand satchel or grip, which had been placed on the running board of his automobile. We think these facts are clearly sufficient to show an unlawful carrying of a pistol.

Appeal from the County Court of San Patricio County. Tried below before the Hon. J. C. Houtz, Judge.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

*Jas. G. Cook,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful carrying of a pistol; punishment fixed at a fine of one hundred dollars.

While driving a Ford automobile on the public road in San Patricio County, the appellant had a pistol in a hand satchel or grip which had been placed on the running-board of his automobile. The grip also contained some wearing apparel and some toilet articles. Appellant had formerly resided in Ballinger, in Runnels County,

and had brought some cotton pickers from that place and Brady to San Patricio County. As we understand the record, this journey had been made some time before the occurrence at present under consideration. From the appellant's testimony, we gather that he was in the business of hauling cotton pickers from place to place, and that upon the occasion of the arrest he was·on his way from Sinton to the McDaniel farm. In his testimony he explained that after reaching the McDaniel farm he expected to go to Corpus Christi and then on to Robstown. By this route, the distance from Sinton to Robstown would be about fifty miles. He said that he would have gone from Robstown to San Antonio or Ballinger, conditioned upon his closing a deal at Robstown. He further stated that he did not pursue his journey because of his arrest.

.The alleged offense took place on the 11th day of August. According to the State's testimony, appellant had been in Sinton since .the 10th of July; that most of the intervening time was spent in Sinton, going out occasionally and hauling cotton-pickers along the public road.

A jury was waived, and the facts were submitted to the court. We think the facts are clearly sufficient to show that the pistol was carried on or about the person of the appellant within the meaning of the law. See Welch v. State, 262 S. W. Rep., 485, and cases therein cited.

Whether the appellant was a traveler and for that reason was privileged to carry a pistol was a question of fact. The term "traveler," as used in the statute denouncing the offense in question, is not defined. This court has refused on former occasions, upon similar facts, to hold as a matter of law, that one who is engaged in the jitney business or business of running a service car for hire is a traveler. Welch v. State, 262 S. W. Rep., 485, and cases cited.

Whether under the facts of a given case one is a traveler is generally a question of fact. See Brown v. State, 261 S. W. Rep., 773.

The offense being a misdemeanor, the accused had the privilege of waiving a jury and submitting the questions of fact to the court. Such was the action of the appellant in the present case. We are not prepared to say that in refusing to find that the appellant was a traveler within the meaning of the statute the trial court was in error. Under the evidence before us, his decision that the appellant was not a traveler is deemed binding upon this court.

The judgment is affirmed.

*Affirmed.*