JACK HILL v. THE STATE.

No. 9096.   Delivered May 20, 1925.

Carrying a Pistol—Evidence—Held Sufficient.

> While the term "traveler" as used in the statute is not defined, whether one comes within the purview of the privilege extended in the statute of carrying a pistol to a traveler, is ordinarily a question of fact, and where the evidence is conflicting, and the jury finds that the accused was not a traveler, the judgment will not be disturbed. Following Brown v. State, 261 S. W. 773 and other cases cited.

Appeal from the County Court of Jefferson County.   Tried below before the Hon. C. N. Ellis, Judge.

Appeal from a conviction for unlawfully carrying a pistol; penalty, a fine of $100.00.

The opinion states the case.

*Blain & Jones,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful carrying of a pistol; punishment fixed at a fine of $100.00.

The State relied upon the testimony of two peace officers of the city of Beaumont.   From their testimony, the appellant and his wife were noticed at a restaurant in the city of Beaumont about 3:00 or 3:30 in the morning.   Upon the person of the appellant was a belt and holster.   One of the officers asked the appellant as to the whereabouts of the pistol and he said that it was in the pocket of his car; that he did not think it was against the law to have it there. Each of the officers said that the appellant at the time stated that he had come from Port Arthur and intended to return there.   He made no statement about going to Galveston.   The officers found nothing in the car except the pistol.   Appellant and his wife testified that they resided in Port Arthur; that they were on their way to Galveston, where they intended to spend the day.   They had stopped at Beaumont, which was on the road to Galveston, for the purpose of getting breakfast when the arrest took place.   They had no baggage with them save an "overnight" case.   The officers testified that they saw no suit case or satchel of any kind, either in the possession of the appellant or his wife or in the automobile.

The term "traveler" as used in the statute is not defined.   Whether one comes within the purview of the statute which extends the

privilege of carrying a pistol to a traveler is ordinarily a question of fact. Brown v. State, 261 S. W. 773; Welch v. State, 262 S. W. Rep. 485; Armstrong v. State, 265 S. W. Rep. 701; Paulk v. State, 261 S. W. Rep. 779.

We are referred to the case of Bogus v. State, 203 S. W. Rep. 597, as supporting the appellant's contention that the evidence does not support the verdict. Bogus was at the home of Fannie Johnson, who was his relative; that while handling a pistol it was fired. He claimed that the pistol had been handed to him by Fannie Johnson after he reached the premises, and a few moments before the shot was fired; that the firing was accidental. Fannie Johnson was present at the trial under the summon by the State but was not used as a witness to contradict Bogus. There was no direct testimony that Bogus had carried the pistol to the home of Fannie Johnson. The State refused to avail itself of her testimony to contradict the statement of Bogus that he received it while in her house.

In the present case, the evidence of both the appellant and his wife was to the effect that the pistol was carried by the appellant from Port Arthur to Beaumont. It was found in his possession by the officers. According to their testimony, he at the time made an explanation of his possession of the pistol, namely, that he had come from Port Arthur and intended to return thereto. On the trial, however, he testified that he was on his way to Galveston but, according to the officers, made no such statement at the time his legality of the possession of the pistol was challenged. There was no hand bag or suit case or articles of apparel found which might have been expected had a journey to Galveston and sojourn over night been contemplated. The hour of the night at which the arrest was made was such as to throw suspicion upon the declaration of the appellant that they had come from Port Arthur and intended to return. The direct testimony and some of the circumstances which the evidence established were in conflict with the intent to go to Galveston which the appellant declared upon the trial. Neither he nor his wife could be said to be wholly disinterested witnesses. Their testimony touching the purpose of the pistol was not conclusive against the State. See Hawkins v. State, No. 8599, not yet reported and authorities there collated.

In the light of the record and the precedents to which reference has been made, we no not feel warranted in overturning the verdict by which the jury manifested its rejection of the theory presented by the testimony of the appellant upon the trial.

The judgment is affirmed.

*Affirmed.*