WILBERT DE ROUSSELLE V. STATE.

No. 30,873. June 27, 1959.

*Larry Emerson,* and *W. E. Martin,* Houston, (on appeal only) for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Samuel H. Robertson, Jr., Jack J. Rawitscher,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is carrying a pistol; the punishment, a fine of $150.

Appellant was arrested for a traffic law violation and the arresting officer took a pistol out of his pocket.

Appellant testified that on the day in question he was moving his place of residence from a place on Lee Street to a Staples Street address, and that when he got through moving with a borrowed pickup, he came back and got the pistol "with the rest of the stuff" and picked up the car and was on his way home with it (to Staples Street) going the most direct way to Staples Street that he knew.

The court in his charge submitted no affirmative defense.

Appellant excepted to the charge because the trial court failed to submit the affirmative defense raised by his testimony that he was in the act of moving the pistol from his former residence to his new home and the carrying of the pistol was an incident to his moving.

Brown v. State, 97 Texas Cr. Rep. 402, 261 S.W. 773, cited by appellant, sustains his contention that the carrying of a pistol as an incident to moving to a new abode is not unlawful.

The issue raised by appellant's testimony should have been submitted to the jury, and its omission deprived appellant of his defense and requires reversal.

The judgment is reversed and the cause remanded.