Paul Glen WALLIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–81–00431.

Court of Appeals of Texas, Dallas.

March 8, 1982.

Gary A. Udashen, Dallas, for appellant.

Ronald D. Hinds, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, STEPHENS and SPARLING, JJ.

SPARLING, Justice.

Appellant was convicted by the court of possession of marijuana and punishment was assessed at one day in jail and $150 fine. In his sole ground of error, appellant argues that his motion to suppress the marijuana was erroneously denied. We disagree and affirm.

Appellant, driving alone, was stopped by a police officer for speeding. By police

radio, the officer discovered an outstanding arrest warrant for appellant. The officer arrested the appellant and conducted a search of the interior of the car. A baggie of marijuana was found under a floormat.

■ Appellant contends that the marijuana should not have been admitted into evidence because it was found during an improper inventory search of the car. An inventory search of an automobile is properly conducted only incidental to lawful impoundment of the vehicle. *See South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *Benavides v. State,* 600 S.W.2d 809 (Tex.Cr.App.1980); *Daniels v. State,* 600 S.W.2d 813 (Tex.Cr. App.1980). The threshold question, then, is whether impoundment was proper.

■ In *Daniels v. State,* the Court of Criminal Appeals upheld impoundment and an inventory search where the passengers in appellant's car did not have driver's licenses and could not have legally driven the automobile, thereby, presenting no reasonable alternative to impoundment. In a situation in which the driver was alone, the Court of Criminal Appeals upheld an inventory search, noting that there was no one to whom the automobile could be relinquished. *Smyth v. State,* 634 S.W.2d 721 (Tex. Cr.App.1982). Had the appellant been accompanied by a passenger who was not arrested and could have driven the car, it would have been reasonable for the officer to let him do so. However, we disagree with appellant's contention that it would have been reasonable for the officer to *seek* alternatives such as calling appellant's parents to come for the car.

In *Evers v. State,* 576 S.W.2d 46 (Tex.Cr. App.1978), the driver, as in the present case, was alone when arrested. The Court of Criminal Appeals approved the police decision to impound the automobile rather than leave it on a street where it would be subject to "damage, vandalism or theft." *Evers, supra* at 50. The fact that the car in this case was not parked illegally fails to diminish the possibility of damage to the car or to personal effects within the car.

■ Three reasons exist for the necessity of impoundment: (1) protection of the owner's property while in police custody; (2) protection of the police against claims of lost or stolen property; and (3) protection of the police from potential danger. *South Dakota v. Opperman, supra,* 428 U.S. at 369, 96 S.Ct. at 3097: *See also Benavides v. State, supra* at 810. Impoundment was necessary in this instance to protect appellant's automobile from vandalism and damage to property in the car.

■ Further, the scope of the search was not excessive in extending to the area beneath the floormat. In *Daniels,* a handgun properly admitted against appellant was found under the seat; *Daniels, supra* at 815. Although the search of a locked trunk has been held improper, the search of a car's interior, including an unlocked glove compartment, an unlocked console and an unlocked briefcase has been upheld. *Gill v. State,* 625 S.W.2d 307 (Tex.Cr.App.1981) (on State's Motion for Rehearing); *Opperman, supra; Smyth, supra; Evers, supra. See also Cooper v. California,* 386 U.S. 58, 61– 62, 87 S.Ct. 788, 791, 17 L.Ed.2d 730 (1967). We hold that a search under a floormat in the interior of the car was within the permissible scope of an inventory search. Appellant's ground of error is overruled.

Affirmed.