**Michael Dabney ROGERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00467–CR.**

Court of Appeals of Texas, Dallas.

Sept. 17, 1982.

Rehearing Denied Sept. 17, 1982.

Discretionary Review Refused Dec. 15, 1982.

Bruce Anton, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen C. Beverly, Asst. Dist. Atty., for appellee.

Before GUITTARD, C.J., and FISH and VANCE, JJ.

GUITTARD, Chief Justice.

In response to appellant's motion for rehearing, we withdraw our original opinion and substitute the following.

Appellant was convicted of possession of cocaine. He complains that the trial court committed reversible error in overruling his motion to suppress the cocaine because the inventory search conducted by the police was unreasonable in scope. We disagree. Accordingly, the judgment is affirmed, and the motion for rehearing is overruled.

The following facts were established at the hearing on appellant's motion to suppress. Two police officers stopped appellant's vehicle when they noticed it had an expired license plate. Appellant stepped out and walked towards the officers. One officer observed a shoulder holster under appellant's jacket. The officers immediately searched appellant and discovered a .25 caliber pistol in his rear pocket. They then arrested him for unlawfully carrying a weapon. Another search of appellant's person revealed .44 caliber cartridges in one of his pockets. One of the officers then searched appellant's car and discovered a jewelry box on the seat. The officer opened the box and found a plastic bag containing white powder, later identified as cocaine.

We conclude that the search and seizure of the jewelry box did not constitute an unreasonable search in violation of appellant's rights under the Fourth Amendment. After appellant was arrested, the officers were authorized to impound his vehicle and to conduct an inventory search pursuant to standard police procedure. *South Dakota v. Opperman*, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). Once lawfully inside the car, they were reasonably justified in examining the contents of the unlocked jewelry box in order to protect appellant's property while it remained in police custody and also to protect the police against subsequent claims of lost or stolen property. *See South Dakota v. Opperman*, 428 U.S. at 369, 96 S.Ct. at 3097. Because a jewelry box is typically used as a storage place for valuables, it was not unreasonable to search the container itself in order to itemize the property to be held by the police, rather than listing it as one item without examining the contents. Requiring the officers to inventory the jewelry box without itemizing the contents would undermine the caretaking function of an inventory search. The owner's property would be afforded little protection, and the police would remain subject to claims of lost or stolen property.

Appellant relies on *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979) and *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) to support his argument that the contents of the jewelry box were illegally seized. He argues that these decisions are controlling because the jewelry box was a personal receptacle easily reducible to individual possession in which appellant had a reasonable

**658**

expectation of privacy and, therefore, it could not be searched without a warrant.

■ We cannot agree that these authorities are controlling in the present case. Neither *Sanders* nor *Chadwick* involved an inventory search conducted pursuant to a lawful impoundment. Each involved the warrantless search of an automobile based on probable cause. The standard of probable cause is peculiarly related to criminal investigations, not administrative caretaking functions. Consequently, the probable cause approach and the policies underlying the warrant requirement do not apply in determining the reasonableness of a non-investigative inventory search. *South Dakota v. Opperman,* 428 U.S. at 370 n. 5, 96 S.Ct. at 3097 n. 5. Moreover, because of the noncriminal nature of an inventory search, the police would seldom have probable cause to search the container and, therefore, would be unable to obtain a warrant for a search after the container has been taken into custody. As a result, the container would never be searched, and neither the police nor the owner would be protected in the event of a claim of loss of the contents.

Consequently, in light of the policies underlying an inventory search, we hold that such a search of a closed container is not unreasonable within the meaning of the Fourth Amendment, and, therefore, the officers acted properly in opening the jewelry box in question and making an inventory of its contents. A similar search was upheld in *Evers v. State,* 576 S.W.2d 46 (Tex.Cr. App.1978).

Motion overruled and judgment affirmed.