**Gerald Donald DANSBY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. A14–82–576CR, A14–82–577CR.**

Court of Appeals of Texas, Houston (14th Dist.).

July 28, 1983.

Marshall D. Brown, Jr., Houston, for appellant.

Eleanor Montague, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

This consolidated appeal is taken from convictions for driving while intoxicated and for unlawfully carrying a weapon.

Gerald Donald Dansby (Dansby or appellant) was charged in Cause No. 647,610 with unlawfully carrying a weapon and in Cause No. 647,611 with driving while intoxicated. Pursuant to a plea bargain agreement, appellant entered a plea of guilty in both cases and the court assessed punishment at three days in jail and a $300.00 fine in Cause No. 647,610 and at ninety days in jail, probated for two years, and a $250.00 fine in Cause No. 647,611. Dansby argues the trial court erred in accepting his pleas of guilty without having first secured an express waiver of right to trial by jury in both cases and in denying his motion to suppress evidence in Cause No. 647,610. We affirm.

On March 17, 1982, Houston police officer R.F. Syphrett (Syphrett) was called to the scene of an accident. On arriving at the scene, Syphrett found appellant's car "crunched into the back of a City bus." Incident to his decision to have the car towed to a storage lot, Syphrett decided to conduct an inventory search of the car's interior. During the course of the search he noticed a white cotton bag in an open container located on the interior kick panel on the passenger side of the car. He opened the bag and found a pistol. After the car was towed appellant, who was the driver and sole occupant of the car, was taken to the hospital. He was later arrested and taken to the police station, where charges of driving while intoxicated and unlawfully carrying a weapon were filed against him.

In his first ground of error in Cause No. 647,610 and in his sole ground of error in Cause No. 647,611, appellant contends the convictions were invalid because the trial court failed to secure waivers of jury trial.

Waiver of jury trial in misdemeanor cases is not required to be in writing. *Lamb v. State,* 409 S.W.2d 418, 420 (Tex.Cr.App.1966). Neither the record in Cause No. 647,610 nor the record in Cause No. 647,611 contains an express written waiver of jury trial. In each case, the only evidence that jury trial had been waived was in the judgment, which contained the recitation "jury having been waived, trial proceeded before the Court ...." In support of his contention, appellant relies on *Samudio v. State,* 648 S.W.2d 312 (Tex.Cr. App.1983). In *Samudio,* the Court of Criminal Appeals held that, in the face of a silent record, a judgment containing the form recitation "No jury having been demanded, trial proceeded before the Court ...." was insufficient to show waiver of jury trial. In the cases at bar, the form recitation involved in *Samudio* was contained in each of the judgments. However, each such recitation had been altered; the words "No" and "demanded" had been stricken and the word "waived" had been written above the word "demanded", so that the recitation in each judgment read, "jury having been waived ...." We therefore are not confronted with a silent record. Indeed, the altered recitations are evidence that appellant expressly and affirmatively waived his right to jury trial.

The record does not contain a transcript of the proceedings before the trial court at the time the plea was entered. Ordinarily, the recitations in the judgments would therefore create a presumption of regularity. Appellant testified at the hearing on his motion for new trial that he did not waive his right to jury trial. Additionally, the clerk of the court (Woodard) testified she made the changes in response to the events that occurred in court that day. Appellant, however, makes no contention that the trial court erred in overruling the motion. The trial judge, sitting as the sole judge of the credibility of the witnesses and the weight to be given their testimony, apparently chose to disbelieve appellant's

**80**

testimony. *See Hamilton v. State,* 621 S.W.2d 407 (Tex.Cr.App.1981). Further, we have reviewed such evidence and find it insufficient to rebut the presumption of regularity and sufficient to show that appellant waived his right to jury trial. Appellant's first ground of error in Cause No. 647,610 and his sole ground of error in Cause No. 647,611 are overruled.

In his second ground of error in Cause No. 647,610, appellant contends the trial court erred in overruling his motion to suppress evidence. Specifically, he argues the search which revealed the pistol was illegal because it was conducted at a time when he was not in custody.

 An inventory search of an automobile is proper when impoundment of the vehicle is lawful. *Wallis v. State,* 636 S.W.2d 1, 2 (Tex.App.—Dallas 1982, no pet.). Impoundment of a vehicle is lawful incident to its removal from the scene of an accident. *Benavides v. State,* 600 S.W.2d 809, 811 (Tex.Cr.App.1980); *Robertson v. State,* 541 S.W.2d 608, 610 (Tex.Cr.App. 1972). The purpose of the rule is to protect a citizen's property when police have taken custody of the vehicle. *Robertson,* 541 S.W.2d at 610. In the instant case, Syphrett testified that appellant's car was "totalled" and required a tow to a storage lot. It was in the course of the inventory search incident to impoundment of the car that Syphrett found the pistol. We therefore find the search was proper and that the trial court did not err in overruling appellant's motion to suppress.

Appellant's contention appears to be founded on Syphrett's violation of police department regulations, which allowed an inventory search only when incident to an arrest. The police department policy, however, did not provide the basis for the search; it only limited the circumstances under which the police department allowed such a search. *See Whitworth v. State,* 624 S.W.2d 767, 769 (Tex.App.—Houston [14th Dist.] 1981, no pet.). Therefore, whether Syphrett's actions violated departmental policies is an administrative matter which does not affect the lawfulness of his ac-

tions. Appellant's second ground of error in Cause No. 647,610 is overruled.

The judgments of the trial court are affirmed.