# NO. 12-12-00052-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS,* *APPELLANT* | § | *APPEAL FROM THE 173RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *WILLIAM RICKEY GEORGE,* *APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*

The State appeals the trial court's order granting Appellee William Rickey George's motion to suppress the evidence resulting from a search of his person. The State raises three issues on appeal. We reverse and remand.

## PROCEDURAL BACKGROUND

Appellee was charged by indictment with possession of a controlled substance, methamphetamine, in an amount of four grams or more but less than two hundred grams, a second degree felony. The indictment also included two felony enhancement paragraphs. Appellee filed a motion to suppress all tangible evidence illegally seized during a search of his person and all related testimony. In support of his motion, Appellee urged that the evidence was seized as the result of an illegal detention, arrest, search, and seizure in violation of the United States Constitution, the Texas Constitution, and the Texas Code of Criminal Procedure. After a hearing on the motion, the State and Appellee filed briefs with the trial court. Ultimately, the trial court granted Appellee's motion to suppress. At the State's request, the trial court filed findings of fact and conclusions of law. This appeal followed.

STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). At a suppression hearing, a trial court is the exclusive trier of fact and judge of the witnesses' credibility. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or to disbelieve all or any part of a witness's testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). However, a trial court has no discretion in determining what the law is or applying the law to the facts. *State v. Kurtz*, 152 S.W.3d 72, 81 (Tex. Crim. App. 2004). Thus, a failure by a trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.*

We view all of the evidence in the light most favorable to the trial court's ruling. *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011). Therefore, the prevailing party is entitled to "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *Id.* Since all evidence is viewed in the light most favorable to the trial court's ruling, we are obligated to uphold its ruling on a motion to suppress if that ruling is supported by the record and is correct under any theory of law applicable to the case. *Ross*, 32 S.W.3d at 856; *Carmouche*, 10 S.W.3d at 327; *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999); *Maysonet v. State*, 91 S.W.3d 365, 369 (Tex. App.—Texarkana 2002, pet. ref'd). Moreover, if, as here, the trial judge makes express findings of fact, we view the evidence in the light most favorable to his ruling and determine whether the evidence supports those factual findings. *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010).

## SEARCH INCIDENT TO ARREST

In its second issue, the State argues that the search of Appellee should be upheld as a search incident to arrest. We agree.

2

**Facts**

Deputy Joseph Durr, a traffic and narcotics interdiction officer with the Henderson County Sheriff's Department, was the State's only witness at the hearing on Appellee's motion to suppress. The State also introduced a video of the stop into evidence.

Deputy Durr testified that on June 12, 2011, he observed a motorcycle turn off Highway 334 onto Peachtree Road in Henderson County without using a turn signal. After he turned on his patrol car lights to initiate a traffic stop, he noticed the rear of Appellee's motorcycle begin to sway back and forth. Then, according to Deputy Durr, Appellee "wrecked" and began "jumping around holding his right knee." He also observed Appellee limping. Deputy Durr stated that Appellee declined medical assistance, but the deputy asked his partner to call an ambulance just to make sure Appellee was "all right."

The deputy testified further that he asked Appellee for his license, and Appellee told him that his license was expired. But when Deputy Durr's partner checked, dispatch advised him that the license was suspended. Deputy Durr conducted a "pat down" of Appellee in order to insure that Appellee did not have any guns or "anything that would hurt" either one of them. The pat down included Appellee's front pockets. During the pat down, the only item the deputy removed was a lighter or "hand held torch" from Appellee's back pocket.

Deputy Durr also testified that after the pat down, he and Appellee picked up Appellee's motorcycle. At that time, the deputy observed a partially open eyeglass case between the handlebars that appeared to contain a glass pipe. He questioned Appellee regarding what he had on his motorcycle and asked if the eyeglass case was his. When Appellee stated that it was, Deputy Durr opened the eyeglass case and confirmed that a methamphetamine pipe was inside. The deputy also searched Appellee's motorcycle.

After completing his search of the motorcycle, Deputy Durr directed Appellee to empty the contents of his pockets onto the hood of the patrol car. According to the deputy, Appellee removed numerous items from his pockets, but missed his left front pocket. The video shows that Deputy Durr asked Appellee, "What do you have in this pocket?" The deputy then reached into Appellee's left pocket, saying, "Yeah, I already know," pulled out a bundle of plastic bags, and tossed them onto the hood of his patrol car. The bundle of plastic bags contained methamphetamine.

At that point, Deputy Durr told Appellee that he had already been under arrest and "just

3

because [Appellee] was not in handcuffs [did not] mean [he] was not under arrest." Then, the deputy informed Appellee of his *Miranda*[1] rights. Appellee remained in front of the deputy's patrol car while he waited for the ambulance. When the ambulance arrived, Appellee declined to be transported to the hospital. Deputy Durr handcuffed Appellee, and placed him in the front seat of the patrol car. Appellee was booked into the Henderson County Jail for driving while license suspended and manufacture and/or delivery of a controlled substance.

## Applicable Law

A warrantless search of either a person or property is considered per se unreasonable under the Fourth Amendment, subject to a few specifically defined and well established exceptions. *McGee v. State*, 105 S.W.3d 609, 615 (Tex. Crim. App. 2003). A search incident to an arrest is among these exceptions. *Id.* Incident to an arrest, an officer may lawfully search the arrestee and the area within his immediate control in order to remove any weapons and to prevent the concealment or destruction of evidence. *Chimel v. California*, 395 U.S. 752, 763, 89 S. Ct. 2034, 2040, 23 L. Ed. 2d 685 (1969); *McGee*, 105 S.W.3d at 615. For a search to be considered incident to arrest, it must take place contemporaneously with the defendant's custodial arrest. *United States v. Robinson*, 414 U.S. 218, 225-27, 94 S. Ct. 467, 472-73, 38 L. Ed. 2d 427 (1973); *Williams v. State*, 726 S.W.2d 99, 101 (Tex. Crim. App. 1986). The fact that a search incident to an arrest preceded the formal custodial arrest by a few moments is of no consequence. *Williams*, 726 S.W.2d at 101. The time at which an officer announces the arrest is not the critical issue; rather it is whether sufficient probable cause for arrest existed before the search. *Ballard*, 987 S.W.2d at 893.

## Analysis

The trial court rejected the State's argument that the search was incident to an arrest, concluding, in part, as follows:

> 12.) Given the testimony given by Officer Durr at the Hearing at the Motion to Suppress and the statements of the Deputy on the video, and taking into account the demeanor of the officer and the inflection of his voice when testifying in open court as well as all other factors associated with the evidence submitted at the hearing, the evidence is insufficient that the Deputy had already decided that the defendant was under arrest for a Class C misdemeanor or that he had already formed an intention to arrest the Defendant for a Class C misdemeanor.

> 13.) The arrest of the Defendant for the Class C offense of Driving While License suspended did

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

4

not fall "quickly on the heels" of the probable cause for the arrest.

. . . .

17.) The deputy pulling the bags out of the Defendant's pocket was not a valid 'search incident' to arrest'.

On appeal, the State argues that the time between the development of probable cause and the arrest (conclusion of law 13) is not a consideration when determining whether a search that precedes an arrest is incident to the arrest. The State urges that whether probable cause existed prior to the search and whether the arrest "fell quickly on the heels of the search" are the pertinent inquiries. *See Rawlings v. Kentucky*, 448 U.S. 98, 110–11, 100 S. Ct. 2556, 2564, 65 L. Ed. 2d 633 (1980); *Williams*, 726 S.W.2d at 101. Thus, the State concludes that because probable cause existed before the search, and the arrest occurred quickly thereafter, the search was incident to Appellee's arrest. *See Rawlings*, 448 U.S. at 110–11, 100 S. Ct. at 2564; *Williams*, 726 S.W. 2d at 101.

Appellee asserts that, contrary to the State's view, a search that precedes an arrest cannot be incident to the arrest unless the development of probable cause, the search, and the arrest occur in "rapid succession." As authority for this proposition, Appellee relies on a footnote in *Williams*. *See Williams*, 726 S.W.2d at 101 n.1. He argues further that this requirement was not met here, and therefore the trial court did not abuse its discretion in concluding that the search was not incident to the arrest.

In *Williams*, the court held that the search of a sack in a driver's vehicle was incident to an arrest. *See id*. In reaching its conclusion, the court first noted that the officer had probable cause before the search to arrest the appellant. *Id*. at 101. The court then stated that

> the fact that the search incident to the arrest preceded the formal custodial arrest by a few moments is of no consequence under *Rawlings v. Kentucky*, 448 U.S. 98, 100 S. Ct. 2556, 65 L. Ed. 2d 633 (1980) ("Once [Rawlings] admitted ownership of the sizable quantity of drugs found in [the] purse, the police clearly had probable cause to place [him] under arrest. Where the formal arrest followed quickly on the heels of the challenged search of [Rawlings'] person, we do not believe it particularly important that the search preceded the arrest rather than vice versa.")[.]

*Id*. Neither the Supreme Court in *Rawlings* nor the court of criminal appeals in *Williams* discussed how much time elapsed between the development of probable cause and the arrest. *See Rawlings*, 448 U.S. at 111, 100 S. Ct. at 2564; *Williams*, 726 S.W.2d at 101.

In the footnote Appellee cites, the court distinguished prior cases in which the arresting officer had detained a defendant "only to issue him a written notice to appear in court for a traffic offense (the statutory alternative to a custodial arrest)[.]" *Id*. at 101 n.1. For that reason, the court had held "that the arrest in each case was not custodial, and therefore could not support a search incident to arrest[.]" *Id*. The court noted, however, that "the record [in *Williams*] fails to reflect that [the officer] had detained appellant for the purpose of issuing him a traffic ticket. Instead, the record reflects, in rapid succession, the emergence of probable cause to arrest, a search of the passenger compartment, and a formal custodial arrest." *Id*.

Prior to *Williams*, the court recognized that two types of arrests could occur during a traffic stop. *See, e.g.*, *Evers v. State*, 576 S.W.2d 46, 49 (Tex. Crim. App. 1978). The first is when an officer detains a person to issue a traffic citation. *Id*. This "arrest" ends when the person signs the citation and receives a copy of it. *Id*. The second is a custodial arrest. *Id*. "[T]he term 'custodial' . . . serves to distinguish 'arrests' that are in fact detentions for the limited purpose of issuing a citation from those detentions that will result in the subject being presented before a magistrate. . . ." 40 George E. Dix & John M. Schmolesky, *Texas Practice Series: Criminal Practice & Procedure* § 10:22 (3d ed. 2011).

In the *Williams* footnote, the court further distinguished these two types of arrests, stating that the former will not support a search incident to an arrest because it is not custodial. *See Williams*, 726 S.W.2d at 101 n.1. Although the court made reference to the "rapid succession" of events in *Williams*, including the "emergence of probable cause," its holding is clear: the critical time frame is between the search and the arrest. *See id*. at 101. To expand that time frame based upon the language of the footnote would be contrary to the express holding in *Williams*. Moreover, Appellee has cited no case in which the court of criminal appeals or any intermediate appellate court has adopted the interpretation he advocates. Accordingly, we hold that the trial court abused its discretion in considering the time between the development of probable cause and the arrest in determining whether the search was incident to Appellee's arrest.

Appellee next cites *Thomas v. State*, 572 S.W.2d 507 (Tex. Crim. App. 1976), pointing out that the arrest in that case was for the purpose of issuing a traffic citation. *See id*. at 509. Consequently, the court held that because the arrest was noncustodial, the search was not incident to the "arrest." *Id*. Appellee then seems to argue that because his arrest was noncustodial until after

6

the search, the search was not incident to his arrest because (1) a noncustodial arrest does not support a search incident to arrest and (2) the custodial arrest did not fall "quickly on the heels" of the probable cause for the arrest. However, this argument presupposes that the time frame considered by the trial court (from the development of probable cause to the custodial arrest) was the correct one. But we have held that it was not. Therefore, this argument is without merit.

In summary, to determine whether the search of Appellee's person was incident to his arrest, the trial court should have considered (1) whether probable cause existed for the arrest at the time of the search and (2) whether the arrest "fell quickly on the heels" of the search. *See Rawlings*, 448 U.S. at 11, 100 S. Ct. at 2564; *Williams*, 726 S.W.2d at 101. Because the trial court considered (1) whether probable cause existed for the arrest at the time of the search and (2) whether the arrest "fell quickly on the heels" of the probable cause for the arrest, it abused its discretion. The evidence introduced at the suppression hearing showed that at the time of the search, Deputy Durr had probable cause to arrest Appellee for two offenses: driving with a suspended license and possession of drug paraphernalia.[2] The evidence further shows that the arrest "fell quickly on the heels" of the search. Therefore, the trial court abused its discretion in concluding that the search was not incident to the arrest and in granting the motion to suppress. Accordingly, we sustain the State's second issue.

## DISPOSITION

Having sustained the State's second issue, we *reverse* the trial court's order granting Appellee's motion to suppress and *remand* the cause to the trial court for further proceedings. Because this issue is dispositive, we need not address the State's first and third issues. *See* TEX. R. APP. P. 47.1.

**SAM GRIFFITH**
Justice

Opinion delivered May 22 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[2] Deputy Durr's choice not to arrest Appellee for possession of drug paraphernalia does not invalidate the fact that he had probable cause to arrest him for that offense at the time of the search. *See Smith v. State*, No. 11-06-00274-CR, 2008 WL 1903791, at *3 (Tex. App.–Eastland May 1, 2008, no pet.) (mem. op., not designated for publication).



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 22, 2013**

## NO. 12-12-00052-CR

**THE STATE OF TEXAS,**
Appellant
V.
**WILLIAM RICKEY GEORGE,**
Appellee

---

Appeal from the173rd Judicial District Court
of Henderson County, Texas. (Tr.Ct.No. B-18,866)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, because it is the opinion of this court that there was error in the judgment of the court below, it is ORDERED, ADJUDGED and DECREED by this court that the judgment be **reversed** and the cause **remanded** to the trial court **for further proceedings**; and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*