**Robert Michael HARRIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–85–00350–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 10, 1986.

James D. Hess, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., J. Harvey Hudson, Claire Connors, Harris County Asst. Dist. Attys., Houston, for appellee.

Before LEVY, HOYT and DUGGAN, JJ.

## OPINION

DUGGAN, Justice.

This is an appeal from a conviction of possession of a controlled substance. Appellant entered a plea of no contest to the offense of possession of less than 28 grams of cocaine after his motion to suppress evidence was overruled. The court found him guilty and, in accordance with a plea bargain agreement, assessed his punishment at five years probation and a $750 fine. He asserts two grounds of error on appeal.

Harris County Sheriff's Deputy John Denholm testified that at approximately 2 a.m. on February 24, 1985, he saw an automobile with four occupants "spinning its tires at a red light when it came off the light."

After stopping the vehicle, the deputy observed as he approached the car that all of the occupants were squirming and "moving around in there like they were attempting to hide something." He asked the driver, David Vurture, to step out, gave him a "pat down" for weapons, and then placed him in the back seat of the patrol car.

The deputy next approached the right front of the vehicle, where he detected an odor of burning marijuana. After talking to the front passenger, Keith Ivey, he placed him under arrest for public intoxication, and seated him in the back seat of the patrol car. At that point the deputy then had Vurture, the driver, step out of the patrol car and take a field sobriety test, which Vurture failed. The deputy testified that Vurture also had a faint odor of alcohol, smelled of marijuana, and kept glancing back toward the automobile.

While he was dealing with Vurture and Ivey, Deputy Denholm could see appellant moving around in the back seat of Vurture's car. He approached the car again and asked appellant to get out of the car, as he had requested Vurture and Ivey to do. Appellant smelled of marijuana and was obviously intoxicated. Denholm arrested him for public intoxication. His search of appellant disclosed marijuana in appellant's right pants pocket. The fourth passenger did not appear intoxicated, and was allowed to leave.

Deputy Denholm summoned a wrecker to tow Vurture's car, conducted an inventory search, and found nothing noteworthy. As he drove his three prisoners to the station, he heard one "whisper that he had stuck the coke up under the back seat." He did not know who said it, or in which vehicle the speaker presumably had hidden "the coke." At the station, he looked under the back seat cushion of the patrol car, found nothing, and decided to search Vurture's vehicle a second time. En route to the storage lot, located some 15 to 20 miles from the Humble jail, he became involved in a high-speed chase of a robbery suspect

for around 30 minutes. In all, his search of Vurture's car was delayed until four hours after the arrest. Upon searching Vurture's car, he found 3.35 grams of cocaine under the right rear seat cushion, where appellant was sitting at the time of the traffic stop.

■ In his first ground of error, appellant asserts that the trial court committed reversible error in overruling his motion to suppress because the contraband was found as a result of an illegal stop of the vehicle in which appellant was riding as a passenger.

Deputy Denholm testified without contradiction that he stopped the car only after he observed it "spinning its tires at a red light when it came off the light." Tex. Rev.Civ.Stat.Ann. art. 6701d, sec. 185(a) (Vernon 1977) provides, in pertinent part:

No person shall drive any vehicle in any ... exhibition of speed or acceleration ..., and no person shall in any manner participate in any such ... exhibition.

The officer's unchallenged statement showed probable cause to stop the vehicle's driver for the offense of exhibition of acceleration, proscribed in the quoted portion of art. 6701d, sec. 185(a). Appellant's first ground of error is overruled.

■ Appellant urges in his second ground of error that the trial court erred in overruling his motion to suppress because the State failed to establish circumstances justifying a warrantless search of the vehicle in which the contraband was found.

However, under the facts of this case, appellant lacks standing as a mere passenger to challenge the legality of the search.

Appellant, a passenger, has standing to challenge the search of the automobile in which he is riding *if* the search resulted from an infringement (such as an illegal detention) of the *passenger's* Fourth Amendment rights.

\* \* \* \* \* \*

Assuming arguendo that the continued detention of the vehicle and the removal of the occupants from it were illegal under the Fourth Amendment, the relevant question becomes whether the search of [the driver's] vehicle was come at by exploitation of *appellant's* continued detention and removal from the vehicle.

*Lewis v. State,* 664 S.W.2d 345, 348 (Tex. Crim.App.1984). (Emphasis in original).

Once the automobile was lawfully stopped, Deputy Denholm could have let appellant leave without diminishing his authority to search the car. Accordingly, appellant's detention was unnecessary for Denholm to perform the search. Even if the search were illegal, which we do not determine, it was not achieved by exploitation of appellant's detention or removal from the car. *Lewis,* 349. Appellant thus has no standing to challenge Deputy Denholm's search of the automobile at the storage lot. Appellant's second ground of error is overruled.

The judgment is affirmed.

Justice LEVY, J., dissents.

LEVY, Justice, dissenting.

Because of my inability to agree with the majority's disposition of appellant's two grounds of error, alleging that the trial court erroneously overruled his motion to suppress evidence discovered during an illegal search of an automobile in which appellant was a passenger, I respectfully dissent.

Officer Denholm, who arrested appellant, sought to predicate his stopping the car on its "spinning its tires at a red light when it came off the light." Apparently Denholm thought that "spinning tires" while at a stationary position constituted "an exhibition of speed or acceleration" in violation of Tex.Rev.Civ.Stat.Ann. art. 6701d, sec. 185(a) (Vernon 1977), an assumption facilely accepted by the majority. But Denholm did not testify that he had followed the vehicle for any distance to determine whether the driver would actually speed unlawfully or excessively. Spinning wheels at a red light does not, in itself,

constitute an "exhibition of speed or acceleration"—it may be due merely to the presence of an oil slick or mud on the street. Neither did Denholm testify that he observed any other conduct before the stop that aroused his suspicion that either appellant or the vehicle's driver was committing an offense.

Consequently, I have serious doubts that "spinning the tires" was within the ambit of the ordinance used as justification for the initial stop. If we permit this wheel-spinning phenomenon to establish itself as prima facie evidence of an exhibition of speed or acceleration, the citizen's Fourth Amendment right of privacy will evaporate once he is in an automobile, always at the risk of depending upon an ad hoc determination of "good faith" on the part of an arresting officer.

Nor am I satisfied that appellant lacked standing as a passenger to challenge the legality of the search. For the State to accuse appellant of owning the cocaine, yet claim that he has no standing to protest its seizure, is a luminous example of ingenious casuistry that makes a shambles of the Fourth Amendment. Contrary to the majority, I conclude that appellant has "standing"—i.e., the right to relief in court—under *Lewis v. State,* 664 S.W.2d 345 (Tex. Crim.App.1984), and *Evers v. State,* 576 S.W.2d 46 (Tex.Crim.App.1978), because the initial stop was an illegal detention and the search was achieved "by exploitation of the primary illegality." *See Wong Sun v. United States,* 371 U.S. 471 487–88, 83 S.Ct. 407, 417–18, 9 L.Ed.2d 441 (1963). It seems perhaps trite but necessary to observe that a search is good or bad *ab initio,* and is not validated by what it turns up. It does not change character from its success. What makes this "no standing" disposition of the appeal especially grievous is the refusal by the majority to consider the implications of vindicating the second search of the car, even though there was abundant time to obtain a warrant and a judge was presumably available at the station house when Officer Denholm was there with his prisoners. The constitutional requirement of probable cause must be determined by a "neutral and detached magistrate," and not by "the officer engaged in the often competitive enterprise of ferreting out crime." *Johnson v. United States,* 333 U.S. 10, 14, 68 S.Ct. 367, 369, 92 L.Ed.2d 436 (1948). Simple good faith on the part of the officer is not enough to justify intrusions upon constitutionally guaranteed rights. In my judgment, there were no exigent circumstances apparent from the record that would have excused Denholm from his legal responsibility to obtain a warrant before searching the car.

I am satisfied that this search could not be sustained "without seriously diluting important safeguards that assure that the judgment of a disinterested judicial officer will interpose itself between the police and the citizenry." *Spinelli v. United States,* 393 U.S. 410, 419, 89 S.Ct. 584, 591 21 L.Ed.2d 637 (1969).

I would sustain both grounds of error and remand the cause for a new trial.