**Linny Preston COLLINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–91–01217–CR.

Court of Appeals of Texas, Dallas.

April 16, 1992.

---

1. We note that Robert has raised no issue concerning improper notice of the proceedings to probate the July will.

Melvyn Carson Bruder, Dallas, for appellant.

Pamela Sullivan Berdanier, Dallas, for appellee.

Before BAKER, LAGARDE and KAPLAN, JJ.

## OPINION

KAPLAN, Justice.

Linny Preston Collins pleaded nolo contendere to driving while intoxicated. The trial court accepted his plea and found him guilty as charged in the information. Punishment was assessed at 365 days' confinement, probated for twenty-four months, and a $500 fine. In three points of error, appellant contends that the trial court erred in denying his motion to suppress. Specifically, appellant argues that (1) the City of Dallas anti-noise ordinance is unconstitutionally vague, (2) the anti-noise ordinance violates section 6.02 of the Texas Penal Code, and (3) the State failed to establish probable cause to arrest appellant. We hold that the police had probable cause to arrest appellant pursuant to a state statute prohibiting the exhibition of acceleration. We affirm the trial court's judgment.

## FACTUAL BACKGROUND

Dallas Police Officer David Kattner was the only witness to testify at the pre-trial suppression hearing. The officer stated that he was on routine patrol in a marked police car on the evening of October 20, 1989. He saw a black truck stopped at a red traffic light. When the light turned green, the truck "peeled out making an excessive amount of noise with its tires." The officer testified that the truck "accelerated to the point that the tires could not grab onto the pavement and made a screeching noise burning off." He stated that the truck fishtailed and began to go out of control. The officer stopped the driver for violating a municipal anti-noise ordinance and a state statute that prohibits the exhibition of acceleration. As a result of this stop, the officer concluded that the driver was intoxicated. Appellant was arrested for driving while intoxicated and for violating the anti-noise ordinance.

At the conclusion of Officer Kattner's testimony, the trial judge stated that the exhibition of acceleration statute was not applicable in the instant case. The court reasoned that the statute applied only in the context of drag racing. The trial court then denied appellant's motion to suppress.

## MOTION TO SUPPRESS

### A. Standard of Review

■ The broad question before this Court is whether the warrantless arrest of appellant was lawful. The trial court determined that the arrest was lawful and denied appellant's motion to suppress. We must sustain the trial court's ruling if it is correct on any theory of law applicable to the case. We are not bound by the legal theories advanced by the parties or articulated by the court at trial. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990); *Wilson v. State*, 692 S.W.2d 661, 671 (Tex.Crim.App.1985) (op. on reh'g). Furthermore, we will not determine the constitutionality of a law unless absolutely necessary to the disposition of the case. *Coberly v. State*, 644 S.W.2d 734, 735 (Tex.Crim. App.1983).

### B. Warrantless Arrest

■ In his third point of error, appellant contends that the officer was not justi-

fied in making a warrantless arrest. As a general rule, police officers must obtain an arrest warrant prior to taking someone into custody. *DeJarnette v. State*, 732 S.W.2d 346, 349 (Tex.Crim.App.1987). Chapter 14 of the Texas Code of Criminal Procedure provides limited exceptions to this rule. TEX.CODE CRIM.PROC.ANN. arts. 14.01–.04 (Vernon 1977 and Vernon Supp.1992). A police officer may make a warrantless arrest for a misdemeanor offense only if it is committed in his presence or within the view of a magistrate who orders the offender's arrest. TEX.CODE CRIM.PROC.ANN. arts. 14.01(a), 14.02, and 14.03 (Vernon 1977 and Vernon Supp.1992). Once a defendant establishes that an arrest occurred without a warrant, the burden shifts to the State to show that the arrest was within one of the statutory exceptions. *Beasley v. State*, 728 S.W.2d 353, 355 (Tex.Crim.App.1987).

### 1. Statute Prohibiting Exhibition of Acceleration

The State argues that probable cause existed for appellant's warrantless arrest because the officer saw appellant commit a misdemeanor offense. Specifically, the State contends that the officer observed appellant violate a state statute that prohibits the exhibition of acceleration. TEX. CIV.STAT.ANN. art. 6701d, § 185 (Vernon 1977). Section 185(a) provides:

> No person shall drive any vehicle in any race, speed competition or contest, drag race or acceleration contest, test of physical endurance, *exhibition of speed or acceleration*, or for the purpose of making a speed record, and no person shall in any manner participate in any such race, competition, contest, test, or *exhibition*.

TEX.REV.CIV.STAT.ANN. art. 6701d, § 185(a) (Vernon 1977) (emphasis added). The trial court concluded at the suppression hearing, and appellant contends in his brief, that section 185 does not apply in this case. We disagree.

#### a. Trial Stipulation

██ Appellant argues that we cannot consider section 185 because the parties stipulated that this statute is not applicable to the instant case. The stipulation provides:

> [T]he Defendant was arrested on October 20th, 1989 by Dallas police officers for a violation of the Dallas anti-noise ordinance; that as a result of that arrest those police officers as well as other police officers learned and formed a belief that Defendant was intoxicated by reason of the introduction of alcohol into his body such that his mental and physical faculties were impaired to the degree that he could not lawfully operate a motor vehicle.

The stipulation does not purport to limit the grounds upon which the officer stopped appellant. Rather, the plain language of this stipulation suggests that the officer did not have probable cause to arrest appellant for driving while intoxicated prior to the time he was stopped for a misdemeanor traffic violation. Parties can stipulate to facts, but cannot stipulate to the applicable law. *American Title Co. v. Smith*, 445 S.W.2d 807, 808 (Tex.Civ.App.—Houston [1st Dist.] 1969, no writ). The stipulation does not preclude us from determining whether section 185 applies to this case.

#### b. Application of Section 185

██ Appellant next argues that his warrantless arrest was not justified under section 185. He contends that this statute prohibits competitive conduct on the part of one or more persons in one or more vehicles. He argues that, because there was no competition involved, the statute does not apply to the facts of this case.

Two courts have implicitly rejected this narrow interpretation of section 185. *See Evers v. State*, 576 S.W.2d 46 (Tex.Crim. App. [Panel Op.] 1978); *Harris v. State*, 713 S.W.2d 773 (Tex.App.—Houston [1st Dist.] 1986, no pet.). In *Evers*, the Court of Criminal Appeals held that an officer had probable cause to arrest a defendant when his car accelerated quickly from a parked position and threw gravel on a police car. The court cited section 185 as authority for this warrantless arrest. *Evers*, 576 S.W.2d at 49 & n. 1. The *Harris* court held that probable cause existed to

stop the defendant for exhibition of acceleration when the police officer observed the car "spinning its tires at a red light when it came off the light." The court cited section 185 as authority. *Harris*, 713 S.W.2d at 775.

Appellant relies on three cases to support his argument that section 185 only prohibits competitive conduct such as drag racing. *Parrott v. Garcia*, 436 S.W.2d 897 (Tex.1969); *Teel v. Potter*, 523 S.W.2d 320 (Tex.Civ.App.—Tyler 1975, writ ref'd n.r.e.); *Rogers v. Murrell*, 467 S.W.2d 642 (Tex.Civ.App.—Amarillo 1971, writ dism.'d). These cases are inapposite. In each case, the controlling statute was article 795 of the Texas Penal Code. Article 795, the precursor to section 185 of the Revised Civil Statutes, was repealed in 1971. *Repealed by* Act of April 19, 1971, 62nd Leg., R.S., ch. 83, § 103, 1971 Tex. Gen.Laws 722, 773. Article 795 provided that "No race or contest for speed between motor vehicles of any kind shall be held upon any public highway." The language of the two statutes is not the same. Article 795 did not even contain the words "exhibition of speed or acceleration" that are critical to the disposition of this case.

■ We conclude that appellant's arrest fell within one of the enumerated exceptions to the warrant requirement. An officer may make a warrantless arrest for a misdemeanor offense committed in his presence. TEX.CODE CRIM.PROC.ANN. art. 14.01(a). A violation of section 185, which prohibits the exhibition of acceleration, is a misdemeanor offense. TEX.REV.CIV.STAT. ANN. art. 6701d, § 22 (Vernon 1977). The officer testified that he saw appellant's truck stopped at a red light. Once the light turned green, the officer saw the driver accelerate "to the point that the tires could not grab onto the pavement and made a screeching noise burning off." The officer further testified that the truck "fishtailed a bit" and "began to go out of control." This uncontroverted testimony shows that the officer was justified in stopping appellant for the misdemeanor offense of exhibition of acceleration, as proscribed by section 185. *See Harris*, 713

S.W.2d at 775. We overrule appellant's third point of error.

### 2. Anti–Noise Ordinance

In his first and second points of error, appellant contends that the City of Dallas anti-noise ordinance, Dallas City Code § 30–1, is unconstitutionally vague and violates section 6.02 of the Penal Code. Because we find that the initial stop and subsequent arrest of appellant were justified under section 185 of article 6701d, we need not consider these points of error. *Romero*, 800 S.W.2d at 543; *Wilson*, 692 S.W.2d at 671.

The judgment of the trial court is affirmed.