**Freddie Lee BICE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–99–00863–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 20, 2000.

Rehearing Overruled May 26, 2000.

Lane D. Thibodeaux, Bryan, for appellant.

James Kuboviak, Bryan, for State.

Panel consists of Justices O'CONNOR, NUCHIA, and DUGGAN.*

at Houston, participating by assignment.

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas

## OPINION

SAM NUCHIA, Justice.

Appellant was charged with driving while intoxicated. Appellant filed motions to suppress observations and opinions flowing from an allegedly illegal stop. Appellant also made a motion to suppress statements made by him during custodial interrogation. The judge denied those motions, and appellant pled guilty. The judge sentenced appellant to 180 days confinement probated for six months and a $2,000 fine, of which $1,000 was probated. Appellant contends the court erred in denying his motions to suppress. We affirm.

## FACTS RELEVANT TO THE MOTION TO SUPPRESS

Officer Demond Oliver testified he saw appellant driving his truck westbound in the 100 block of West William Joel Bryan Parkway. Oliver testified he saw appellant's truck leave a stoplight by squealing his tires. He said he stopped appellant because appellant's excessive acceleration was in violation of sections 545.420 and 545.351 of the Texas Transportation Code.

Oliver said, after he stopped appellant, Oliver attempted to administer the field sobriety tests, and appellant showed signs of intoxication. Oliver testified appellant twice said, "I can't do this sober." Oliver arrested appellant for driving while intoxicated. Appellant gave Oliver permission to move his truck to a place that appellant could come and get it later. When Oliver moved the truck, he found an open beer can that was cool to the touch. Oliver took appellant to jail where he read appellant his article 38.22 rights, and appellant consented to giving a breath sample.

After appellant was videotaped taking field sobriety tests and giving the breath specimen, appellant said the drinks he had

were three-fourth's "whiskey or alcohol." Oliver testified this statement was not in response to interrogation, but "just a statement he made."

## ANALYSIS

In two points of error, appellant contends the court erred by denying his motions to suppress because appellant's conduct was not prohibited by either section 545.420 or 525.351 of the Texas Transportation Code and, alternatively, that the evidence was insufficient to establish that Officer Oliver had probable cause to stop appellant.

We generally review a trial court's ruling on a motion to suppress for abuse of discretion. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex.Crim.App.1985); *Santos v. State*, 822 S.W.2d 338, 339 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). However, when presented with a question of law based on undisputed facts, we apply a de novo review. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997) (holding that de novo standard applies to motion to suppress involving mixed questions of law and fact not turning on the credibility of witnesses). Where the resolution of mixed questions of law and fact turns on an evaluation of credibility and demeanor, we still review the evidence in the light most favorable to the trial court's ruling. *Guzman*, 955 S.W.2d at 89.

Appellant argues that he could not have committed the offense of "excessive acceleration" because he was not participating in any type of competition. Appellant urges this court to reconsider our holding in *Harris v. State* because the placement of the word "participate" in the codified statute makes it evident that participation is a condition precedent to criminal liability.[1] *See Harris v. State*, 713 S.W.2d 773

---

1. The predecessor to section 545.420 read:
   No person shall drive any vehicle in any race, speed competition or contest, drag race or acceleration contest, test of physical endurance, exhibition of speed or accelera-

   tion, or for the purpose of making a speed record, and no person shall in any manner participate in any such race, competition, contest, test, or exhibition.

(Tex.App.—Houston [1st Dist.] 1986, no pet.) (holding there was probable cause to stop a motorist for exhibition of acceleration where deputy observed a car "spinning its tires at a red light when it came off the light").

 Section 545.420 of the Texas Transportation Code reads in relevant part:

A person may not participate in any manner in:

(1) a race;

(2) a vehicle speed competition or contest;

(3) a drag race or acceleration contest;

(4) a test of physical endurance of the operator of a vehicle; or

(5) an exhibition of vehicle speed or acceleration or to make a vehicle speed record.

Tex. Transportation Code Ann. § 545.420(a)(5) (Vernon 1999). Oliver testified without contradiction that he stopped the truck only after he observed it spinning its tires at a red light. We have already considered and rejected appellant's interpretation under the predecessor to section 545.420 of the Texas Transportation Code. *See Harris*, 713 S.W.2d at 775; *see also Collins v. State*, 829 S.W.2d 894, 896–97 (Tex.App.—Dallas 1992, no pet.) (holding statute prohibiting exhibition of acceleration was applicable to motorist who screeched his tires even though defendant was not involved in competitive conduct such as drag racing). We hold that changing the location of the word "participate" in the present statute was not intended to change the meaning of the statute and add a requirement of competition to section 545.420 of the Texas Transportation Code. Appellant's violation of section 545.420 gave Officer Oliver probable cause to stop appellant. *See Harris*, 713 S.W.2d at 775 (holding officer had probable cause to stop appellant for exhibition of acceleration for spinning tires at a red light).

Tex.Rev.Civ. Stat. Ann. Art. 6701d, § 1859(a)

Because we find Oliver had probable cause to stop appellant under section 545.420, we need not address appellant's allegation that he did not violate section 545.351 of the Texas Transportation Code. The court did not abuse its discretion in denying appellant's motions to suppress.

We overrule appellant's first and second points of error.

We affirm.

