In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00188-CR
____________

DENNIS RAY BERNARD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 339th District Court
Harris County, Texas
Trial Court Cause No. 934871
 

 
 
MEMORANDUM OPINION
          A jury found appellant, Dennis Ray Bernard, guilty of possession of less than
one gram of cocaine. See Tex. Health & Safety Code Ann. § 481.115(a), (b)
(Vernon 2003). After appellant pled true to two enhancement allegations of prior
convictions for possession of a controlled substance, the trial court found the
enhancement allegations to be true and assessed appellant’s punishment at three years
in prison. We address whether trial counsel was ineffective for arguing, in a motion
to suppress, that the stop of the car in which appellant was a passenger was pretextual,
rather than arguing that the search of the car and of a bag within the car was illegal. 
We affirm.
Facts
          Appellant filed a pretrial motion to suppress that asserted that “the search was
the result of an illegal detention, arrest and search” under the Texas and United States
Constitutions. See U.S. Const. amend. IV; Tex. Const. art. I, § 9; see also Tex.
Code Crim Proc. Ann. art. 38.23(a) (Vernon Supp. 2004). The trial court carried the
motion with the case.
          The trial testimony showed that, during daylight hours, Houston Police
Department Officers Smith and Patterson pulled over a car for having a broken vent
window and for a seatbelt violation by the front-seat passenger. The officers testified
that, because thieves often break the vent window in the process of stealing a car, they
wanted to stop this car to see if it was stolen.
          Appellant was sitting in the back, right seat of the car. After the traffic stop, the
officers approached the car from opposite sides. Officer Smith noticed that appellant
looked over his shoulder, moved his hands around, and then placed a crumpled, brown
paper bag on the ledge behind the headrest of the seat next to him, where the bag was
visible through the back window. Appellant did not “do anything with” the bag
afterward. No one touched the bag from the time that appellant left it there until
Officer Smith later retrieved it.
          Officer Smith approached the driver and asked for his driver’s license and
insurance papers, which the driver produced. Officer Smith told the driver to step
from the vehicle because he appeared “extremely nervous” and was constantly moving
his hands. The officer eventually retrieved a crack pipe from the driver’s pocket and
arrested him.
          As Officer Smith was arresting the driver, Officer Patterson was talking to
appellant and the female passenger who had committed the seatbelt violation, both of
whom were still in the car. After the driver’s crack pipe had been retrieved, Officer
Patterson had the two passengers get out of the car because the officers did not yet
know whether the car was stolen,


 because the driver had cocaine, and because
appellant did not produce any identification, even though the officers knew appellant
from prior incidents.


 Officer Patterson noticed that appellant’s pants pocket was
turned inside out. The officers placed appellant in their car while checking for
warrants or for his being a “wanted person.” The female passenger was identified and
released without being ticketed. After the female passenger had been identified and
appellant had been detained, Officer Smith seized the brown paper bag from the car,
opened the bag, and found a crack pipe inside. After a field test showed that the pipe
contained cocaine residue, the officers arrested appellant.
          In denying appellant’s suppression motion during trial, the court stated, “The
Court finds that there was a seatbelt violation. The police had probable cause to stop
the vehicle. The Motion to Suppress is denied.” Appellant did not move for new trial.
Ineffective Assistance of Counsel
          In his sole issue presented, appellant claims that his trial counsel was ineffective
for having argued an invalid theory for suppression of the evidence.
A.      Standard of Review and Burden of Proof
          The standard of review for evaluating claims of ineffective assistance of counsel
is set forth in Strickland v. Washington, 466 U.S. 668, 686-96, 104 S. Ct. 2052,
2064-69 (1984). See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999);
Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999) (applying Strickland
standard at punishment phase of non-capital trial). Appellant must show both (1) that
counsel’s performance was so deficient that he was not functioning as acceptable
counsel under the Sixth Amendment and (2) that there is a reasonable probability that,
but for counsel’s error or omission, the result of the proceedings would have been
different, i.e., that the error or omission is sufficient to undermine confidence in the
outcome. Strickland, 466 U.S. at 687-96, 104 S. Ct. at 2064-69. It is the defendant’s
burden to prove ineffective assistance of counsel by a preponderance of the evidence. 
Thompson, 9 S.W.3d at 813.
B.      Whether Appellant Carried his Burden Under the Second Prong of 
Strickland
 
          “The term ‘pretext arrest,’ . . . refers to an ‘objectively’ valid stop for an
allegedly improper reason.” Garcia v. State, 827 S.W.2d 937, 939 (Tex. Crim. App.
1992). Appellant’s trial counsel effectively asserted a pretext-arrest argument to
support his suppression motion. Noting that this theory is no longer valid,


 appellant
claims that his trial counsel should instead have argued that the search of the car and
of the bag within the car was illegal. The State responds that appellant lacked
standing to contest the search of the car and the search and seizure of the bag; the State
thus concludes that, even if counsel had argued the grounds that appellant suggests,
counsel could not have prevailed.
          Appellant had the burden to establish his standing to object to the search of the
car and the bag. See State v. Allen, 53 S.W.3d 731, 732 (Tex. App.—Houston [1st
Dist.] 2001, no pet.). An accused has standing to contest a search, under the Texas
and United States Constitutions, only if he had a legitimate expectation of privacy in
the invaded place. See Granados v. State, 85 S.W.3d 217, 222-23 (Tex. Crim. App.
2002); Wilson v. State, 98 S.W.3d 265, 268 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d). To have standing, a defendant must show (1) that by his conduct, he exhibited
an actual subjective expectation of privacy, i.e., a genuine intention to preserve
something as private, and (2) that society is prepared to recognize his subjective
expectation as objectively reasonable. Villarreal v. State, 935 S.W.2d 134, 138 (Tex.
Crim. App. 1996); Chapa v. State, 729 S.W.2d 723, 727 (Tex. Crim. App. 1987)
(applying same standard in challenge to search of vehicle).
          “‘A person who is aggrieved by an illegal search and seizure only through the
introduction of damaging evidence secured by a search of a third person’s premises
or property has not had any of his Fourth Amendment rights infringed.’” Hughes v.
State, 24 S.W.3d 833, 838 (Tex. Crim. App. 2000) (quoting Rakas v. Illinois, 439 U.S.
128, 99 S. Ct. 421 (1978)). Accordingly, “a passenger in a vehicle does not have a
legitimate expectation of privacy” in the search of the vehicle “where the passenger
fails to assert a possessory interest in the vehicle or the property seized.” Meeks v.
State, 692 S.W.2d 504, 510 (Tex. Crim. App. 1985). However, that does not mean
that such a passenger automatically lacks standing to challenge a vehicle’s search
under any circumstances. Lewis v. State, 664 S.W.2d 345, 347-48 (Tex. Crim. App.
1984). To the contrary, even a mere passenger can challenge a vehicle’s search “if the
search resulted from an infringement (such as an illegal detention) of the passenger’s
Fourth Amendment rights.” Id. (emphasis in original).
          It was undisputed that appellant did not have a “possessory interest in” the car. 
Appellant instead claims that he had standing because (1) he asserted a possessory
interest in the bag, as shown by his having held it before placing it behind the
headrest, and, alternatively, (2) his allegedly illegal removal and detention resulted in
the car’s search and the bag’s seizure and search. We disagree.
          Appellant may have held the bag for at least some time, but before the officers
even arrived at the car, he had abandoned it. Voluntary abandonment occurs when
“(1) the defendant intended to abandon property, and (2) his decision to abandon the
property was not due to police misconduct.” Citizen v. State, 39 S.W.3d. 367, 372
(Tex. App.—Houston [1st Dist.] 2001, no pet.). It was undisputed that appellant
placed the bag behind the backseat headrest—a place from which the bag could clearly
be seen by the officers whom appellant had seen approaching—and did not “do
anything with” the bag afterward. This action showed appellant’s intent to abandon
the bag and its contents, i.e., showed that appellant no longer had any possessory
interest or expectation of privacy in the bag or its contents, assuming that he had such
an interest in the first place. See Morrison v. State, 71 S.W.3d 821, 829-30 (Tex.
App.—Corpus Christi 2002, no pet.) (noting that intent to abandon may be inferred
from words, acts, and objective facts and that intent to relinquish ownership need not
be shown, but merely intent voluntarily to relinquish privacy interest). Additionally,
police misconduct could not have caused appellant to abandon the bag because the
officers had only just stopped the car, an act which appellant admits was legal; they
had not yet arrived at the car; and there was no evidence of any misconduct as they
approached the car. Accordingly, appellant had no possessory interest that would have
given him standing to contest the bag’s seizure and search.
          Even if we assume without deciding that appellant’s removal from the car and
subsequent detention were illegal, the search of the car and the bag did not result from
these things. Rather, nothing shows that appellant’s continued presence at the scene
was relevant to Officer Smith’s decision to search, or that the officer’s search would
have been hampered had appellant left the scene, or that appellant’s detention was in
any way necessary to performing the search. See Lewis, 664 S.W.2d at 348-49 (in
concluding that defendant passenger had no standing to contest search of car,
considering that search did not result from passenger’s continued detention because
of factors like those set out here); Harris v. State, 713 S.W.2d 773, 775 (Tex.
App.—Houston [1st Dist.] 1986, no pet.) (“Once the automobile was lawfully stopped,
[the deputy] could have let appellant leave without diminishing his authority to search
the car. Accordingly, appellant’s detention was unnecessary for [the deputy] to
perform the search. . . . Appellant thus has no standing to challenge [the] search
. . . . ”).
          Similarly, nothing shows that the subsequent search resulted from appellant’s
removal from the car: Officer Smith had already seen the bag as he approached the car,
the bag was behind the headrest of a different seat from the one in which appellant was
sitting, and nothing shows that the officer could have performed his search only by
removing appellant. See Lewis, 664 S.W.2d at 348-49 (in concluding that search did
not result from passenger’s removal from car, and thus that passenger had no standing
to challenge car’s search, considering that officer had seen container in which
contraband was later found before entering car and that officer could have performed
search without removing car’s occupants).
          Because appellant lacked standing, trial counsel could not have successfully
suppressed the evidence under any theory that appellant now advances. Accordingly,
we hold that nothing shows a reasonable probability that, but for counsel’s arguing for
suppression on the now invalid theory of pretextual stop, the proceeding’s result
would have been different. See Strickland, 466 U.S. at 687-95, 104 S. Ct. at 2064-68
(requiring defendant to show reasonable probability that proceeding’s result would
have been different but for counsel’s error or omission).
          We overrule appellant’s sole issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
 
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Bland.
 
Do not publish. Tex. R. App. P. 47.2(b).