COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-375-CR
 
 
GREGORY 
WAYNE MANDRELL                                               APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Gregory Wayne Mandrell appeals from his conviction of driving while intoxicated. 
In two points, he contests the trial court’s overruling of his two motions to 
suppress involving the legality of the stop of his vehicle and the accuracy of 
the breath test.  We affirm.
Legality Of The 
Traffic Stop
        In 
his first point, Appellant contends the trial court erred when it “overruled 
Mandrell’s Motion to Suppress, since the investigatory traffic stop by which 
the state gathered evidence to charge Mandrell with DWI was not based on 
reasonable suspicion under the totality of the circumstances.”  Appellant 
contends the stop was in violation of the United States and Texas Constitutions.
Preservation 
of error:
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion. Tex. R. App. P. 33.1(a)(1)(A); Tex. R. Evid. 103(a)(1); Mosley v. 
State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), cert. 
denied, 526 U.S. 1070 (1999).  Preservation of error is a systemic 
requirement that an intermediate level appellate court should ordinarily review 
on its own motion.  Martinez v. State, 22 S.W.3d 504, 507 n.7 (Tex. 
Crim. App. 2000); Jones v. State, 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 
1997).  Accordingly, although the State does not complain on appeal that 
Appellant failed to preserve error, because Appellant did not file a written 
motion to suppress the results of the traffic stop and the record is less than 
clear about the preservation issue, we must initially determine whether 
Appellant preserved the alleged error about which he complains.
        Police 
Officer Wayne Parker testified that shortly before midnight on January 11, 1999, 
he saw Appellant driving his truck on a public roadway and as the truck moved 
through an intersection and the vehicle shifted gears, it spun its rear tires, 
accelerated, and made a loud squeal.  Parker characterized this traffic 
violation as an “exhibition of acceleration.”  Although Parker 
activated the red and blue overhead lights on his patrol car, Appellant did not 
stop his truck until Parker turned on his patrol car siren.  The officer 
then approached the driver.
        At 
this point in Parker’s testimony Appellant objected and a bench discussion 
occurred off the record, after which the court retired the jury, telling them, 
“We’ll take up a legal matter.”  The prosecutor then objected that 
“this is not timely under Article 28.01 of the Code of Criminal Procedure.  
This should have been raised at numerous other pretrial hearings that this case 
was set for.”  The court overruled the prosecutor’s objection, and 
Appellant took the officer on voir dire examination and questioned him about his 
statement that he saw the wheels spin on Appellant’s truck when it proceeded 
through the intersection.  The officer acknowledged that Appellant’s 
truck was not exceeding the speed limit.  The following ensued: 
 
[DEFENSE 
COUNSEL]: Judge, I’m going to object to any testimony beyond -- past this 
since it’s based on this officer’s misconception of what the offense of 
exhibition of acceleration is.  There is no offense called spinning your 
wheels, and what he has testified does not qualify as an exhibition of 
acceleration, and the case law is fairly complete about that.
 
 
        The 
prosecutor proceeded to ask the officer about the tires spinning on 
Appellant’s truck, the fact that the engine backfired as Appellant’s truck 
accelerated through the intersection, and the officer’s conclusion that 
Appellant’s action was in violation of section 545.420(a)(5) of the 
transportation code.[2] The prosecutor asked the court 
to take judicial notice of section 545.420(a)(5).  Appellant’s counsel 
then confirmed with the officer that the intersection was empty except for 
Appellant’s truck and the officer’s patrol car, and that Appellant was not 
exceeding the speed limit.  After Appellant’s counsel told the judge he 
was finished questioning the officer, the court said, “I’ll overrule your 
objection.  Are you ready for the jury?”
        We 
must decide whether Appellant’s objection to Parker’s testimony can be 
reasonably interpreted to apprise the trial judge that Appellant was in fact 
stating an oral motion to suppress the results of the stop of Appellant’s 
vehicle on the basis that the officer did not have reasonable suspicion under 
either the United States or Texas Constitutions to stop the vehicle.  See 
Butler v. State, 872 S.W.2d 227, 236 (Tex. Crim. App. 1994), cert. denied, 
513 U.S. 1157 (1995) (holding that objection at trial must comport with argument 
on appeal or no error is preserved and argument is waived).
        In 
its brief, the State does not complain that the prosecutor or the trial court 
were unaware that Appellant was challenging the constitutionality of the 
investigative stop, or that Appellant has not properly preserved error on this 
issue.  We have carefully reviewed the trial court proceedings.  
Liberally construing Appellant’s objection at trial, we hold that Appellant 
sufficiently apprised the trial court that he was making a constitutional 
challenge to the legality of Officer Parker’s stop of Appellant’s vehicle.  
Accordingly, we conclude Appellant preserved the error about which he complains 
on appeal.
Standard of 
review:
        We 
review the denial of a motion to suppress for abuse of discretion, giving almost 
total deference to a trial court's determination of historical facts and 
reviewing de novo the court's application of the law.  Carmouche v. 
State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Oles v. State, 993 
S.W.2d 103, 106 (Tex. Crim. App. 1999).  At a suppression hearing, the 
trial judge is the sole trier of fact and judge of the credibility of the 
witnesses and the weight to be given their testimony.  State v. Ross, 
32 S.W.3d 853, 855 (Tex. Crim. App. 2000); Romero v. State, 800 S.W.2d 
539, 543 (Tex. Crim. App. 1990).  Thus, the trial court may disbelieve any 
portion of a witness' testimony, even if the testimony is not controverted.  
Ross, 32 S.W.3d at 855.
Legality 
of the stop of Appellant’s vehicle:
        A 
police officer can stop and briefly detain a person for investigative purposes 
if the officer has a reasonable suspicion supported by articulable facts that 
criminal activity “may be afoot,” even if the officer lacks probable cause.  
Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884-85 (1968); Brother 
v. State, 85 S.W.3d 377, 382 (Tex. App.—Fort Worth 2002, no pet.).  
While reasonable suspicion is a less demanding standard than probable cause, the 
Fourth Amendment requires “some minimal level of objective justification” 
for making the stop.  United States v. Sokolow, 490 U.S. 1, 7, 109 
S. Ct. 1581, 1585 (1989); see U.S. 
Const. amend. IV.  The justification for making the stop must amount 
to more than a mere hunch or suspicion.  Davis v. State, 947 S.W.2d 
240, 244 (Tex. Crim. App. 1997).
        Reasonable 
suspicion exists if the officer has specific articulable facts which, when 
combined with rational inferences from those facts, would lead the officer to 
reasonably suspect that a particular person has engaged in, or will soon be 
engaging in, criminal activity.  Garcia v. State, 43 S.W.3d 527, 530 
(Tex. Crim. App. 2001).  The reasonableness of a given detention will turn 
on the totality of the circumstances in that particular case.  See Woods 
v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997); State v. Sailo, 
910 S.W.2d 184, 188 (Tex. App.—Fort Worth 1995, pet. ref'd).
        Appellant 
argues that the initial stop was not justified because the evidence failed to 
show that Officer Parker had a reasonable suspicion to stop Appellant’s 
vehicle.  Specifically, Appellant relies on Parker’s testimony that 
Appellant was not exceeding the speed limit, it is not illegal to spin the tires 
of a vehicle, there were no other cars on the road, and Appellant was not 
engaged in a contest of speed with anyone.
        A 
police officer has the authority to stop and temporarily detain a driver who has 
violated a traffic law.  Armitage v. State, 637 S.W.2d 936, 939 
(Tex. Crim. App. 1982); Santos v. State, 822 S.W.2d 338, 341 (Tex. 
App.—Houston [1st Dist.] 1992, pet. ref'd).  Additionally, a peace 
officer may arrest an offender without a warrant for any offense committed in 
his presence or within his view.  Tex. 
Code Crim. Proc. Ann. art. 14.01(b) (Vernon 1977).  The 
transportation code provides, in pertinent part:
        § 545.420. Racing on Highway
(a) 
A person may not participate in any manner in:
                . 
. . .
 
               (5). 
. . an exhibition of vehicle speed or acceleration or to make a vehicle speed 
record.

Tex. Transp. Code Ann. § 545.420(a)(5).
        Officer 
Parker testified that he saw Appellant driving his truck on a public roadway and 
as the truck moved through the intersection and the vehicle shifted gears, it 
spun its rear tires, accelerated and made a loud squeal, and backfired.  
Appellant claims these facts are undisputed.  Parker further testified that 
these actions were a violation of the exhibition of acceleration statute, 
section 545.420(a)(5).  Reviewing the trial court’s determination of this 
matter, we hold that these facts constitute sufficient evidence that Appellant 
violated the exhibition of acceleration statute in Parker’s presence and view.  
Therefore, Parker was authorized to stop Appellant’s vehicle for violation of 
a traffic offense.  See Evers v. State, 576 S.W.2d 46, 47-49 & 
n.4 (Tex. Crim. App. [Panel Op.] 1978) (holding that accelerating quickly from 
stopped position where vehicle squealed tires and threw mud and gravel was 
violation of exhibition of acceleration statute); Bice v. State, 17 
S.W.3d 354, 355-56 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (holding that 
squealing of truck tires when leaving traffic light was violation of section 
545.420, which conduct provides probable cause for stop of vehicle); Harris 
v. State, 713 S.W.2d 773, 775 (Tex. App.—Houston [1st Dist.] 1986, no 
pet.) (holding spinning of tires at a red light when the vehicle “came off the 
light” was sufficient probable cause to stop vehicle for offense of exhibition 
of acceleration).  Accordingly, we hold the trial court did not abuse its 
discretion in denying Appellant’s motion to suppress.  We overrule 
Appellant’s first point.
The Breath Test
        In 
his second point, Appellant challenges the denial of his motion to suppress the 
results of the breath test.  Appellant asserts that his motion to suppress 
was based upon facts indicating that the officer administering the breath test 
failed to observe Appellant for the statutory fifteen-minute observation period 
prior to giving the test.  See 37 Tex. Admin. Code § 19.3(c)(1) (last 
amended 1998) (Tex. Dep’t of Pub. Safety, Certification of Techniques, 
Methods, and Programs).[3]
Preservation 
of error:
        Appellant 
filed an extensive pre-trial motion to suppress the breath test.  The 
motion is fifteen pages in length and contains numerous legal authorities.  
The sole basis of the motion was that Appellant’s due process rights were 
violated under both the United States and Texas Constitutions because his 
request for the taking of a blood sample was refused.  On the date of 
trial, Appellant filed a supplemental brief in support of his motion to suppress 
the breath test, again based solely upon the fact that the police denied 
Appellant’s request to have a blood test performed.  Neither motion to 
suppress makes any mention of suppressing the breath test results because the 
operator did not comply with the fifteen-minute observation period.
        During 
trial, the court and the parties discussed the presentation of evidence 
regarding Appellant’s motion to suppress the breath test results and it was 
decided that because the same witnesses would testify regarding the motion to 
suppress as would testify at the trial, the motion would be taken up during 
trial.  After subsequent testimony, the judge denied the motion to suppress 
the breath test.
        During 
the course of the trial Appellant did not make any specific oral or written 
motion to suppress the breath test results due to an improper observation 
period.  Although Appellant states in his brief on appeal that he 
“renewed” his motion to suppress the breath test results on the basis that 
the State had not compiled with the fifteen-minute observation period, this is 
inaccurate.  Appellant’s lengthy argument to the trial court dealt solely 
with his contention that the motion to suppress the breath test results should 
be granted because his due process rights were violated when Appellant’s 
consent to take the breath test was induced by false information.
        Nonetheless, 
when the State sought to introduce the written results of the breath test, 
Appellant objected that the fifteen-minute observation period was not followed.  
The court overruled Appellant’s objection and admitted State’s Exhibit No. 
2, the printout from the breath test machine showing the starting time of the 
test and the test results.  Accordingly, although Appellant did not raise 
the issue in a motion to suppress during pre-trial or trial, he did object to 
the introduction of the evidence on the basis of an alleged lack of compliance 
with the fifteen-minute observation period.  Therefore, Appellant has 
preserved the evidentiary error about which he complains.
Standard 
of review:
        A 
trial court's admission or exclusion of evidence is subject to an abuse of 
discretion standard. Sells v. State, 121 S.W.3d 748, 766 (Tex. Crim. 
App.), cert. denied, 124 S. Ct. 511 (2003).  If the trial court's 
decision was within the bounds of reasonable disagreement we will not disturb 
its ruling.  Id.
Compliance 
with Texas Administrative Code section 19.3(c)(1):
        Upon 
arrival at the police station, Appellant consented to a breath test.  The 
breath test was administered by public service officer Kevin Daniels, who 
testified that before he administered the test to Appellant, he observed him for 
at least fifteen minutes, which time period started at 1:05 a.m. and ended at 
1:20 a.m., according to the clock on the breath test machine, which does not 
show seconds.[4]  The breath test started at 1:21 
a.m.
 
        The 
Texas Administrative Code provides:
[A 
breath test] operator shall remain in the presence of the subject at least 15 
minutes before the test and should exercise reasonable care to ensure that the 
subject does not place any substances in the mouth.  Direct observation is 
no longer necessary to ensure the validity or accuracy of the test result.
 
 
37 
Tex. Admin. Code § 19.3(c)(1).
        Upon 
cross-examination, Daniels acknowledged that because the clock on the breath 
test machine does not show seconds, he does not know more precisely when the 
observation period began and ended, except that it began at 1:05 a.m. and ended 
at 1:20 a.m. State’s Exhibit No. 2 reflects that Appellant’s first sample of 
breath was recorded at 1:21 a.m.
        Having 
reviewed all the evidence regarding the fifteen-minute observation period, we 
conclude the trial court's decision to overrule Appellant’s objection to the 
breath test results was within the bounds of reasonable disagreement.  
Accordingly, we will not disturb the court’s ruling, and we hold the trial 
court did not abuse its discretion in admitting State’s Exhibit No. 2.  
We overrule Appellant’s second point.
Conclusion
        Having 
overruled both of Appellant’s points, we affirm the judgment of the trial 
court.
 
                                                                  PER 
CURIAM
 
 
PANEL B:   HOLMAN, 
DAUPHINOT, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 24, 2004
 

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Tex. Transp. Code Ann. § 
545.420(a)(5) (Vernon Supp. 2004) (prohibiting an exhibition of vehicle speed or 
acceleration).
3.  
See also Tex. Transp. Code Ann. 
§ 724.016 (Vernon 1999) (providing that Department of Public Safety may adopt 
rules approving satisfactory analytical methods for taking of breath specimen).
4.  
After Appellant spit out a quarter that was in his mouth, the observation period 
was restarted.  Daniels explained that there was a “wives’ tale” that 
if you put a quarter in your mouth “you’re supposed to beat the machine.”  
Appellant admitted that was why he put the quarter in his mouth.