MANDRELL V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-375-CR

GREGORY WAYNE MANDRELL APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Gregory Wayne Mandrell appeals from his conviction of driving while intoxicated.  In two points, he contests the trial court’s overruling of his two motions to suppress involving the legality of the stop of his vehicle and the accuracy of the breath test.  We affirm.

Legality Of The Traffic Stop
 

In his first point, Appellant contends the trial court erred when it “overruled Mandrell’s Motion to Suppress, since the investigatory traffic stop by which the state gathered evidence to charge Mandrell with DWI was not based on reasonable suspicion under the totality of the circumstances.” Appellant contends the stop was in violation of the United States and Texas Constitutions.

Preservation of error
:

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1)(A); 
Tex. R. Evid.
 103(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  Preservation of error is a systemic requirement that an intermediate level appellate court should ordinarily review on its own motion.   
Martinez v. State
, 22 S.W.3d 504, 507 n.7 (Tex. Crim. App. 2000); 
Jones v. State
, 942 S.W.2d 1, 2 n.1 (Tex. Crim. App. 1997).  Accordingly, although the State does not complain on appeal that Appellant failed to preserve error, because Appellant did not file a written motion to suppress the results of the traffic stop and the record is less than clear about the preservation issue, we must initially determine whether Appellant preserved the alleged error about which he complains.   

Police Officer Wayne Parker testified that shortly before midnight on January 11, 1999, he saw Appellant driving his truck on a public roadway and as the truck moved through an intersection and the vehicle shifted gears, it spun its rear tires, accelerated, and made a loud squeal.  Parker characterized this traffic violation as an “exhibition of acceleration.”  Although Parker activated the red and blue overhead lights on his patrol car, Appellant did not stop his truck until Parker turned on his patrol car siren.  The officer then approached the driver.

At this point in Parker’s testimony Appellant objected and a bench discussion occurred off the record, after which the court retired the jury, telling them, “We’ll take up a legal matter.”  The prosecutor then objected that “this is not timely under Article 28.01 of the Code of Criminal Procedure.  This should have been raised at numerous other pretrial hearings that this case was set for.”  The court overruled the prosecutor’s objection, and Appellant took the officer on voir dire examination and questioned him about his statement that he saw the wheels spin on Appellant’s truck when it proceeded through the intersection.  The officer acknowledged that Appellant’s truck was not exceeding the speed limit.  The following ensued:

[DEFENSE COUNSEL]:  Judge, I’m going to object to any testimony beyond -- past this since it’s based on this officer’s misconception of what the offense of exhibition of acceleration is.  There is no offense called spinning your wheels, and what he has testified does not qualify as an exhibition of acceleration, and the case law is fairly complete about that.

The prosecutor proceeded to ask the officer about the tires spinning on Appellant’s truck, the fact that the engine backfired as Appellant’s truck accelerated through the intersection, and the officer’s conclusion that Appellant’s action was in violation of section 545.420(a)(5) of the transportation code.
(footnote: 2)  The prosecutor asked the court to take judicial notice of section 545.420(a)(5).  Appellant’s counsel then confirmed with the officer that the intersection was empty except for Appellant’s truck and the officer’s patrol car, and that Appellant was not exceeding the speed limit.  After Appellant’s counsel told the judge he was finished questioning the officer, the court said, “I’ll overrule your objection.  Are you ready for the jury?”

We must decide whether Appellant’s objection to Parker’s testimony can be reasonably interpreted to apprise the trial judge that Appellant was in fact stating an oral motion to suppress the results of the stop of Appellant’s vehicle on the basis that the officer did not have reasonable suspicion under either the United States or Texas Constitutions to stop the vehicle.  
See Butler v. State
, 872 S.W.2d 227, 236 (Tex. Crim. App. 1994), 
cert. denied
, 513 U.S. 1157 (1995) (holding that objection at trial must comport with argument on appeal or no error is preserved and argument is waived).  

In its brief, the State does not complain that the prosecutor or the trial court were unaware that Appellant was challenging the constitutionality of the investigative stop, or that Appellant has not properly preserved error on this issue.  We have carefully reviewed the trial court proceedings.  Liberally construing Appellant’s objection at trial, we hold that Appellant sufficiently apprised the trial court that he was making a constitutional challenge to the legality of Officer Parker’s stop of Appellant’s vehicle. Accordingly, we conclude Appellant preserved the error about which he complains on appeal. 

Standard of review
:

We review the denial of a motion to suppress for abuse of discretion, giving almost total deference to a trial court's determination of historical facts and reviewing de novo the court's application of the law.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Oles v. State
, 993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  At a suppression hearing, the trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).  Thus, the trial court may disbelieve any portion of a witness' testimony, even if the testimony is not controverted.  
Ross
, 32 S.W.3d at 855.

Legality of the stop of Appellant’s vehicle
:

A police officer can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity “may be afoot,” even if the officer lacks probable cause. 

Terry v. Ohio, 
392 U.S. 1, 30, 88 S. Ct. 1868, 1884-85
 
(1968);
 Brother v. State
, 85 S.W.3d 377, 382 (Tex. App.—Fort Worth 2002, no pet.).  While reasonable suspicion is a less demanding standard than probable cause, the Fourth Amendment requires “some minimal level of objective justification” for making the stop.  
United States v. Sokolow
, 490 U.S. 1, 7, 109 S. Ct. 1581, 1585 (1989); 
see
 
U.S. Const. 
amend. IV.  The justification for making the stop must amount to more than a mere hunch or suspicion.  
Davis v. State
, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). 

Reasonable suspicion exists if the officer has specific articulable facts which, when combined with rational inferences from those facts, would lead the officer to reasonably suspect that a particular person has engaged in, or will soon be engaging in, criminal activity.  
Garcia v. State
, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).  The reasonableness of a given detention will turn on the totality of the circumstances in that particular case. 
 See Woods v. State
, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997); 
State v. Sailo
, 910 S.W.2d 184, 188 (Tex. App.—Fort Worth 1995, pet. ref'd).   

Appellant argues that the initial stop was not justified because the evidence failed to show that Officer Parker had a reasonable suspicion to stop Appellant’s vehicle.  Specifically, Appellant relies on Parker’s testimony that Appellant was not exceeding the speed limit, it is not illegal to spin the tires of a vehicle, there were no other cars on the road, and Appellant was not engaged in a contest of speed with anyone.

A police officer has the authority to stop and temporarily detain a driver who has violated a traffic law.  
Armitage v. State
, 637 S.W.2d 936, 939 (Tex. Crim. App. 1982); 
Santos v. State
, 822 S.W.2d 338, 341 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd).  Additionally, a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view.  
Tex. Code Crim. Proc. Ann.
 art. 14.01(b) (Vernon 1977).  The transportation code provides, in pertinent part: 

§ 545.420.  Racing on Highway

(a) A person may not participate in any manner in:

. . . .

(5) . . . an exhibition of vehicle speed or acceleration or to make a vehicle speed record.

Tex. Transp. Code Ann.
 § 545.420(a)(5). 

Officer Parker testified that he saw Appellant driving his truck on a public roadway and as the truck moved through the intersection and the vehicle shifted gears, it spun its rear tires, accelerated and made a loud squeal, and backfired.  Appellant claims these facts are undisputed.  Parker further testified that these actions were a violation of the exhibition of acceleration statute, section 545.420(a)(5).  Reviewing the trial court’s determination of this matter, we hold that these facts constitute sufficient evidence that Appellant violated the exhibition of acceleration statute in Parker’s presence and view.  Therefore, Parker was authorized to stop Appellant’s vehicle for violation of a traffic offense.  
See Evers v. State
, 576 S.W.2d 46, 47-49 & n.4 (Tex. Crim. App. [Panel Op.] 1978) (holding that accelerating quickly from stopped position where vehicle squealed tires and threw mud and gravel was violation of exhibition of acceleration statute); 
Bice v. State
, 17 S.W.3d 354, 355-56 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (holding that squealing of truck tires when leaving traffic light was violation of section 545.420, which conduct provides probable cause for stop of vehicle); 
Harris v. State
, 713 S.W.2d 773, 775 (Tex. App.—Houston [1st Dist.] 1986, no pet.) (holding spinning of tires at a red light when the vehicle “came off the light” was sufficient probable cause to stop vehicle for offense of exhibition of acceleration).  Accordingly, we hold the trial court did not abuse its discretion in denying Appellant’s motion to suppress.  We overrule Appellant’s first point.

The Breath Test

In his second point, Appellant challenges the denial of his motion to suppress the results of the breath test.  Appellant asserts that his motion to suppress was based upon facts indicating that the officer administering the breath test failed to observe Appellant for the statutory fifteen-minute observation period prior to giving the test.  
See
 37 
Tex. Admin. Code
 § 19.3(c)(1) (last amended 1998) (Tex. Dep’t of Pub. Safety, Certification of Techniques, Methods, and Programs).
(footnote: 3)
Preservation of error
:

Appellant filed an extensive pre-trial motion to suppress the breath test.  The motion is fifteen pages in length and contains numerous legal authorities.  The sole basis of the motion was that Appellant’s due process rights were violated under both the United States and Texas Constitutions because his request for the taking of a blood sample was refused.  On the date of trial, Appellant filed a supplemental brief in support of his motion to suppress the breath test, again based solely upon the fact that the police denied Appellant’s request to have a blood test performed.  Neither motion to suppress makes any mention of suppressing the breath test results because the operator did not comply with the fifteen-minute observation period.

During trial, the court and the parties discussed the presentation of evidence regarding Appellant’s motion to suppress the breath test results and it was decided that because the same witnesses would testify regarding the motion to suppress as would testify at the trial, the motion would be taken up during trial.  After subsequent testimony, the judge denied the motion to suppress the breath test.

During the course of the trial Appellant did not make any specific oral or written motion to suppress the breath test results due to an improper observation period.  Although Appellant states in his brief on appeal that he “renewed” his motion to suppress the breath test results on the basis that the State had not compiled with the fifteen-minute observation period, this is inaccurate.  Appellant’s lengthy argument to the trial court dealt solely with his contention that the motion to suppress the breath test results should be granted because his due process rights were violated when Appellant’s consent to take the breath test was induced by false information.

Nonetheless, when the State sought to introduce the written results of the breath test, Appellant objected that the fifteen-minute observation period was not followed.  The court overruled Appellant’s objection and admitted State’s Exhibit No. 2, the printout from the breath test machine showing the starting time of the test and the test results.  Accordingly, although Appellant did not raise the issue in a motion to suppress during pre-trial or trial, he did object to the introduction of the evidence on the basis of an alleged lack of compliance with the fifteen-minute observation period.  Therefore, Appellant has preserved the evidentiary error about which he complains. 

Standard of review
:

A trial court's admission or exclusion of evidence is subject to an abuse of discretion standard.  
Sells v. State
, 121 S.W.3d 748, 766 (Tex. Crim. App.), 
cert. denied
, 124 S. Ct. 511 (2003).  If the trial court's decision was within the bounds of reasonable disagreement we will not disturb its ruling.  
Id.
 

Compliance with Texas Administrative Code section 19.3(c)(1)
: 

Upon arrival at the police station, Appellant consented to a breath test. The breath test was administered by public service officer Kevin Daniels, who testified that before he administered the test to Appellant, he observed him for at least fifteen minutes, which time period started at 1:05 a.m. and ended at 1:20 a.m., according to the clock on the breath test machine, which does not show seconds.
(footnote: 4)  The breath test started at 1:21 a.m.

The Texas Administrative Code provides:

[A breath test] operator shall remain in the presence of the subject at least 15 minutes before the test and should exercise reasonable care to ensure that the subject does not place any substances in the mouth.  Direct observation is no longer necessary to ensure the validity or accuracy of the test result.

37 
Tex. Admin. Code
 § 19.3(c)(1). 

Upon cross-examination, Daniels acknowledged that because the clock on the breath test machine does not show seconds, he does not know more precisely when the observation period began and ended, except that it began at 1:05 a.m. and ended at 1:20 a.m.  State’s Exhibit No. 2 reflects that Appellant’s first sample of breath was recorded at 1:21 a.m. 

Having reviewed all the evidence regarding the fifteen-minute observation period, we conclude the trial court's decision to overrule Appellant’s objection to the breath test results was within the bounds of reasonable disagreement.  Accordingly, we will not disturb the court’s ruling, and w
e hold the trial court did not abuse its discretion in admitting State’s Exhibit No. 2.  We overrule Appellant’s second point.

Conclusion

Having overruled both of Appellant’s points, we affirm the judgment of the trial court.

PER CURIAM 

PANEL B: HOLMAN, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH  

Tex. R. App. P. 
47.2(b)

DELIVERED:  June 24, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Transp. Code Ann.
 § 545.420(a)(5) (Vernon Supp. 2004) (prohibiting an exhibition of vehicle speed or acceleration).

3:
See also
 
Tex. Transp. Code Ann.
 § 724.016 (Vernon 1999) (providing that Department of Public Safety may adopt rules approving satisfactory analytical methods for taking of breath specimen).

4:
After Appellant spit out a quarter that was in his mouth, the observation period was restarted.  Daniels explained that there was a “wives’ tale” that if you put a quarter in your mouth “you’re supposed to beat the machine.”  Appellant admitted that was why he put the quarter in his mouth.